WAINWRIGHT TRUST COMPANY, ADMINISTRATOR, *v.* PRUDENTIAL LIFE INSURANCE COMPANY ET AL.

[No. 11,271. Filed March 31, 1922. Rehearing denied June 1, 1922. Transfer denied May 31, 1923.]

INFANTS. — *Insurance.* — *Contracts.* — *Disaffirmance in Part.* — *Effect.*—*Rescission.*—An administrator of the estate of an infant could not disaffirm a life insurance policy as to the beneficiary named in the policy and claim the benefits thereunder for the estate, but was required to accept the contract as a whole or disaffirm as a whole.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by the Wainwright Trust Company, administrator of the estate of Ray Estle, deceased, against the Prudential Life Insurance Company and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Joseph A. Roberts* and *Roger S. Roberts,* for appellant.

*J. F. & N. C. Neal* and *Shirley, Whitcomb & Dowden,* for appellees.

NICHOLS, J.—Appellee Prudential Life Insurance Company issued a policy of insurance on the life of Ray Estle, a minor, in the sum of one thousand dollars, payable at his death to his cousin Margaret Inman, also a minor, of near the age of nine years. Ray Estle died while still a minor and appellant trust company was appointed administrator of his estate and gave notice to said insurance company disaffirming that part of said policy which made Margaret Inman beneficiary, and demanded payment of amount due on the policy. The insurance company afterward paid the same to appellee trust company as guardian of Margaret Inman. Said administrator afterward gave notice to said guardian disaffirming said contract and such payment, and demanded payment of the amount of insurance so received.

This suit was brought by said administrator appellant, to recover the amount of said insurance, making both the insurance company and said guardian, appellees, defendants thereto.

To the complaint each appellee separately filed a demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action. Both of said demurrers were sustained by the court, appellant refused to plead further, and the court rendered judgment that appellant take nothing.

The only questions raised are on the demurrers to the complaint.

It is averred in the complaint that appellant disaffirmed that part of the insurance contract which made Margaret Inman the beneficiary, so notified both ap-

. MAY TERM, 1923. 39

Wainwright Trust Co. *v.* Prudential, etc., Ins. Co.—80 Ind. App. 37.

pellees, and demanded, first, of appellee insurance company the amount due on the policy, and afterward, when the money had been paid to the guardian, made demand of it therefor. 22 Cyc 589, states the rule to be that: "A contract of life insurance is not binding on an infant, but such contract is voidable only and not void." This rule is followed in this court in the case of *Shroyer* v. *Pittenger* (1903), 31 Ind. App. 158, 67 N. E. 475, where the court says: "The better reasoning supports the rule that no contract of an infant is void because of his nonage, but all such contracts are voidable only. * * *" In order, therefore, to avoid it, there must be a rescission. But it must be a rescission of the whole contract, and this is the effect of a disaffirmance of the voidable part of a contract. This rule is thus stated in *Rice* v. *Boyer* (1886), 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 53: "That, where the voidable act of an infant is disaffirmed, it avoids the contract *ab initio*, is fully approved. If this is the law, then, when the appellee repudiated his contract, he destroyed it for all purposes. It no longer bound him, nor could he take any benefit from it." See, also, *Shrock* v. *Crowl* (1882), 83 Ind. 243; 22 Cyc 616.

Appellant, as administrator of the estate of the insured, can have no greater right than the insured would have. Having disaffirmed, it can have no right of action on the contract disaffirmed. If it be said that the partial disaffirmance was without force, then appellant must accept the contract as a whole, and, as the estate was not the beneficiary, it still has no right of action.

There was no error in sustaining the demurrers to the complaint. The judgment is affirmed.