16304

DRYMAN v. LIBERTY LIFE INS. CO. *ET AL.*

(57 S. E. (2d) 163)

*Messrs. W. W. Wilkins and C. S. Brown,* of Greenville, *for Appellant,*

*Mr. Benj. A. Bolt,* of Greenville, *for Respondent,*

178

January 9, 1950.

BAKER, Chief Justice.

On or about July 21, 1947, upon application duly made by Claude E. Dryman, the Liberty Life Insurance Company issued to him its certain contract or policy of life insurance in the sum of $1,000.00, payable to the respondent herein as beneficiary, but with the right therein reserved to the insured, provided the policy had not been assigned, to change the beneficiary, as will more fully appear from Section 8 of the policy here reproduced: "Section 8. Beneficiary-Succession. Provided this policy is not assigned and while any insurance under this policy is in force, subject to all of the terms and conditions of this policy, the Insured at any time and from time to time may designate one or more parties as the beneficiary and the extent to which such parties shall share in this policy and may revoke any or all designations of beneficiary. Every such designation or revocation must be made by a written declaration properly executed by the

Insured and made a part of this policy endorsement hereon by the Company at its Home Office prior to the time this policy becomes payable, and unless endorsement hereon of such declaration is made, the provisions thereof shall not take effect. After endorsement hereon of such declaration is made, the provisions thereof shall relate back to and take effect as of the date such declaration was signed.   *   *   *"

The premiums on this policy were payable weekly, 52¢ per week, and the policy was in full force and effect on the date of the death of the insured (March 31, 1948), but theretofore, on February 20, 1948, the insured had applied in writing to the insurer company for a duplicate policy, and in which application he released the insurer company from all liability under the original policy; and on the same date requested in writing that the beneficiary named in the policy be changed to Roy Dryman, the appellant herein. Both of these applications were on forms furnished by the insurer company. In accord therewith, a duplicate policy was issued to the insured, and the beneficiary named therein was changed to the appellant, Roy Dryman, by endorsement duly entered thereon.

Following the death of the insured, both the beneficiary named in the original policy (the respondent), and the beneficiary as changed by the endorsement on the duplicate policy (the appellant) claimed the proceeds of the insurance policy. By consent of all parties, the insurer company is holding the sum of money payable under its contract subject to the final adjudication of the issue between the respondent and the appellant.

The respondent, the beneficiary named in the original policy issued, was the wife of the insured, and the beneficiary named in the endorsement on the duplicate policy, the appellant, is the maternal grandfather of the insured. The insured had resided in the home of his said grandfather from his infancy and until his death, with the exception of the time he was in the armed forces during World War II, and called his grandfather, "Daddy."

The testimony in the record goes far afield of the issues raised by the pleadings, and as we read the order appealed from, so do some of the exceptions. A careful reading of the order of the trial Judge discloses that he bottomed his conclusion that the respondent was entitled to the proceeds of the policy of insurance on the sole ground that the appellant had failed to establish that a change of the beneficiary had been effected in substantial compliance with the terms of the policy or contract of insurance hereinbefore set out. Therefore, the main issue on this appeal is whether there was a substantial compliance with the plan prescribed in the policy for a change of beneficiary.

"It is now the settled law of this jurisdiction, and of most jurisdictions, that where a right to change the beneficiary has been reserved to the insured in the policy, the named beneficiary has a mere expectancy and not a vested right or interest. *Bost v. Volunteer State Life Insurance Company,* 114 S. C. 405, 103 S. E. 771; *Antley v. Life Insurance Company,* 139 S. C. 23, 137 S. E. 199, 60 A. L. R. 184; *Livingston v. Mutual Ben. Life Insurance Company,* 173 S. C. 87, 174 S. E. 900, 902. But this expectancy, while held subject to the exercise of the right of the insured to change the beneficiary, is entitled to the protection which the policy gives it, not to be defeated except in the contract method; that is to say, where the policy prescribes a plan for changing the beneficiary, there must be at least a substantial compliance therewith. *Wannamaker v. Stroman,* 167 S. C. 484, 166 S. E. 621; *Davis v. Acacia Mut. Life Ins. Co.,* 177 S. C. 321, 181 S. E. 12." *Shuler v. Equitable Life Assurance Society,* 184 S. C. 485, 489, 193 S. E. 46, 47.

On Friday, February 20, 1948, the weekly payments of premiums on this policy were in arrears to the extent that unless they were made the policy would have been lapsed at midnight on the following Monday.

Respondent had left the Dryman home in Greenville where she and the insured had resided, on Monday before the in-

sured was carried to the Veterans' Hospital at Columbia. He was at that time in Greenville General Hospital, and upon returning home and while there for a few days just prior to being carried to the Veterans' Hospital at Columbia, undertook to find the policy involved here, but was unable to locate same. It was during this period of time that he was informed that the policy was about to lapse for nonpayment of premiums, and he thereupon applied for a duplicate policy and requested a change in the beneficiary from the respondent to the appellant. The premiums necessary to keeping the policy in full force and effect were paid by the wife of the appellant, the step-grandmother of the insured, but "mother" to him.

There is conflicting testimony as to whether the whereabouts of the respondent could have been ascertained at that time, she being suspected of having taken the policy with her, but the insurer company accepted the written statement of the insured that the original policy was lost, issued a duplicate policy, and endorsed thereon the change of beneficiary in accord with his written request therefor, and delivered the duplicate policy. We are of opinion that this change of beneficiary was effected in substantial compliance with the provisions of the policy governing the change of beneficiary. And especially is this true where, as here, the testimony is inconclusive that the beneficiary named in the original policy had more than an inchoate right therein.

The insured was a minor, and the respondent takes the position, as a sustaining ground, that he was not competent to effect change of beneficiary in his policy of insurance.

He had the same capacity to effect a change of beneficiary that he possessed when he first procured the policy and designated the respondent as the beneficiary. The capacity of a minor to effect a change of beneficiary in an insurance policy is recognized in the cited case of *Novosel v. Sun Life Assurance Co.*, 49 Wyo. 422, 55 P. (2d) 302.

Reversed and remanded for entry of judgment in favor of the appellant.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.