MOODY, JAMES S., Associate Judge.
Appellant, Mamie Lu Hunter, as adminis-tratrix of the estate of Carlos Eugene Hunter, deceased, as plaintiff below, filed suit seeking to recover upon an insurance policy-issued by defendant company upon the life of Carlos Eugene Hunter, a minor, 17 years of age at the time of his death. From a final judgment denying recovery, plaintiff appealed. We affirm the lower court.
The policy in question was originally taken out by the deceased minor with his mother, Mamie Lu Hunter, named as beneficiary. On August 28, 1958, Hunter, the insured, changed the beneficiary to Nell Mims, a young girl he was dating at that time. After Hunter’s death on September 27, 1958, the defendant paid the proceeds of this policy to the guardian of Nell Mims. The plaintiff then brought suit contending Hunter, a minor, was without legal authority or capacity to change the beneficiary and that the proceeds were owed to the ad-ministratrix of deceased’s estate.
The facts of this case'arise prior to the enactment in 1959 of Chapter 627, the Revised Insurance Code of Florida, F.S.A. § 627.011 et seq., specifically providing that any person of the age of 15 years or over is competent to contract for insurance. Plaintiff in the court below and here relies primarily upon the case of Krise v. Lycoming Trust Co., 11 Pa.Dist. & Co.R. 411, a decision of a court of original probate jurisdiction, that a change of beneficiary in a life insurance policy is a testamentary act; that a minor being unable to make a will, such act is voidable and his administratrix may avoid the change of beneficiary. We do not consider this sound law. Naming a beneficiary or the change of beneficiary pursuant to the terms of a life insurance contract is more in the nature of merely exercising a contractual right. It is an act taking effect "in presentí” immediately changing the rights of the parties and not one contemplated to take effect only upon the death of the insured. Considering this same question the court in Dryman v. Liberty Life Insurance, 216 S.C. 177, 57 S.E.2d 163, 165, 14 A.L.R.2d 371, said:
“He had the same capacity to effect a change of beneficiary that he possessed when he first procured the policy and designated the respondent as the beneficiary.”
To this same effect see Novosel v. Sun Life Assurance Co., 49 Wyo. 422, 55 P.2d 302, Hlemholz v. Horst, 6 Cir., 294 F. 417, 94 C.J.S. Wills § 148, p. 931; 14 A.L.R.2d 375.
It has also been held that although a contract of a minor is voidable at the option of the minor, the courts will not permit a minor or his personal representative to revoke in part and affirm in part. The ad-ministratrix cannot revoke the change of beneficiary and still enforce other terms of the same contract. Metropolitan Life Insurance Co. v. Brubaker, 78 Kan. 146, 96 P. 62, 18 L.R.A.,N.S., 362; 43 C.J.S. Infants § 76, p. 181. In Wainwright Trust Co. v. Prudential Life Insurance Co., 80 Ind.App. 37, 134 N.E. 913, the court refused this right to the administrator of a minor’s estate stating:
“Appellant, as administrator of the estate of the insured, can have no greater right than the insured would have. Having disaffirmed, it can have no right of action on the contract disaffirmed. If it be said that the partial disaffirmance was without force, then appellant must accept the contract as a whole, and, as the estate was not the beneficiary, it still has no right of action.”
For the reasons herein stated the judgment of the lower court is affirmed.
ALLEN, C. J., and KANNER, J., concur.