## 51951. BLOUNT v. LIFE INSURANCE COMPANY OF GEORGIA.

BELL, Chief Judge.

This is a suit to recover the proceeds of a life insurance policy. The insurer's motion for summary judgment was granted and plaintiff's was denied.

The facts are not in dispute. Plaintiff's husband, an employee of Georgia Power Company, was insured under a group life insurance policy issued by defendant. Plaintiff was originally designated as the beneficiary. The policy provided that a change in beneficiary could be effected by filing at the office of the employer a written request on a form satisfactory to the company together with the employee's certificate of insurance and that the change was effective on the signing of the written request provided the change was endorsed on the employee's certificate. In September 1972, after the issuance of the policy, a handbook prepared by defendant at the request of Georgia Power was distributed to the employees. It provided in connection with the group life insurance: "Beneficiary   You may change your beneficiary at any time by writing to the Employee Benefits Section, Georgia Power Company, P. O. Box 4545, Atlanta, Georgia 30302." On December 7, 1972 the insured signed a letter changing the beneficiary from plaintiff to the insured's mother. The letter was addressed to: Manager, Insurance Department, Georgia Power Company, Atlanta, Georgia. The insured died on December 11, 1972. On the day following death the employer received the letter. The certificate of insurance which was found on the insured's person was endorsed after his death to reflect the change in beneficiary, effective December 7, 1972. On proof of death defendant paid the proceeds to the insured's mother as the beneficiary. *Held:*

The change of beneficiary provisions of a life

insurance policy are made solely for the benefit of the insurer and the company may waive them. *Barrett v. Barrett,* 173 Ga. 375, 382 (160 SE 399); *Am. Home Mut. Life Ins. Co. v. Harvey,* 99 Ga. App. 582, 583 (109 SE2d 322). While the insurance policy required more stringent provisions, i.e., filing a written request on form satisfactory to the insurer, together with the certificate and endorsement on the certificate, the subsequently published handbook prepared by defendant at Georgia Power's request only required the signing of a written request and forwarding to the employer. The insured complied with the handbook, the provisions of which constituted a waiver of the stricter provisions of the policy. The change of beneficiary became effective when it was signed on December 7, 1972, prior to death. The endorsement of the change on the certificate following the death constituted only a ministerial act of the insurer to make the change of beneficiary a matter of record. This was proper as its legal effect had already attached.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED APRIL 5, 1976 — DECIDED JUNE 8, 1976 — REHEARING DENIED JULY 8, 1976 —

*Harvey, Willard & Elliott, E. C. Harvey, Jr., Wendell K. Willard,* for appellant.

*Howard, Howard & Royal, Pierre Howard, Jr., John A. Helms,* for appellee.