## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Frances Jackson

> v.

Shenandoah Life Ins. Co., Inc.

December 3, 1979

Case No. (Law) 5496

By JUDGE ALBERT H. GRENADIER

The plaintiff in this case seeks to recover the proceeds of a group policy of insurance issued to her son, Booker T. Harper, in which she was originally named beneficiary. The insurance policy gave the policyholder the right to change the beneficiary of the policy and provided that such change shall "take effect upon receipt by the Shenandoah Life Insurance Company of due application for such change, and upon endorsement by the Insurance Company covering the change on the member's Certificate." On or before September 19, 1978, the insured applied for a change of beneficiary, requesting that the beneficiary be changed to his wife, Mildred H. Harper. The Company apparently made the change on its records, but did not endorse the change on Mr. Harper's certificate. The insured died on October 4, 1978. Thereafter, the Company paid the proceeds of the policy to Mildred H. Harper. The plaintiff contends that the change of beneficiary was not effective because of the failure of the Company to endorse the change on the certificate. The Company claims, as a matter of law, that the change of beneficiary was effective notwithstanding the lack of endorsement and that it is discharged from further liability under the policy by virtue of the provisions of Section 38.1-346.1 of the Virginia Code.

In the Court's opinion, the liability of the defendant is discharged under the provisions of Section 38.1-346.1 only when the proceeds are paid in accordance with the terms of the policy. Therefore, the principal inquiry must be whether the change of beneficiary was effective.

Some courts hold that where the policy says that the change will become effective when the policy is endorsed by the insurer, a change of beneficiary is not effective in the absence of strict compliance with this requirement. The basis for such holding is that the endorsement requires more than a ministerial act which cannot be waived by the insurer. *Gill* v. *Provident Life and Accident Insurance Company*, 131 W.Va. 465, 48 S.E.2d 165.

A majority of the courts, however, take a more liberal and enlightened view that a change of beneficiary can be effected without a strict or complete compliance with the provisions of the policy regarding notice and endorsement. The courts upholding this view usually state that substantial compliance by the insured with the conditions respecting a change of beneficiary is sufficient. *Dryman* v. *Liberty Life Insurance Company*, 216 S.C. 177, 57 S.E.2d 163. See also 44 Am. Jur. 2d 695, *Insurance*, Section 1781, and 19 A.L.R.2d 5, 30, Sec. 11. One of the reasons given for the more liberal view is that the right of the insured to change the beneficiary should be honored whenever possible and should not be defeated by delays, red tape, or mere technicalities.

Where the conflict is between the original beneficiary and the substituted beneficiary, the rule has been applied on the principle that equity regards as done that which ought to be done and the courts give effect to the intention of the insured by holding that a change of beneficiary has been accomplished where he has done all that he could do to comply with the provisions of the policy. *Novosel* v. *Sun Life Assurance Company*, 49 Wyo. 443, 57 P.2d 110; 19 A.L.R.2d 5, 34, Sec. 12; 44 Am. Jur. 2d 696, *Insurance*, Sec. 1781.

The cases generally also agree that policy provisions as to the method of changing the beneficiary are solely for the benefit of the insurer and may be waived by it. *Flowers* v. *Flowers*, 284 Ala. 230, 224 So.2d 590, and *Blount* v. *Life Insurance Company*, 139 Ga. App. 238, 228 S.E.2d 140.

In this case the Court feels that the more liberal majority view should be adopted. Accordingly, the Court finds, as a matter of law, that the change of beneficiary was effective without the endorsement of the insurer and the plaintiff has no rights to the proceeds of this policy. As the proceeds were paid in accordance with the terms of the policy, the defendant is entitled further to the protection of Section 38.1-346.1 of the Virginia Code.

The defendant's demurrer will be sustained and the motion for judgment dismissed.