## 10284

### COLE v. JEFFERSON STANDARD LIFE INS. CO.

#### (100 S. E. 893.)

INSURANCE—DISTRIBUTION OF PROFITS TO PREVENT FORFEITURE; POLICY.—
In an action on a life insurance policy issued March 1, 1911, where it appeared insured died May 24, 1918, and premium due March 1, 1918, was not paid, exclusion of evidence as to the amount of profits earned by the policy at the end of 5 years, on the ground that the policy provided for a distribution of profits only at the end of 20 years, was improper, the Insurance Commission having, before the policy was issued, forbidden a distribution period of more than 5 years; for, whatever the expressed language of the policy might be, the law would read it to provide for a 5-year and not 20-year distribution period.

Before PRINCE, J., Anderson, Fall term, 1918. Reversed and new triel ordered.

Action by Mollie E. Cole, administratrix of the estate of William H. Cole, against the Jefferson Standard Life Insurance Company. Judgment for defendant on a directed verdict, and plaintiff appeals.

*Messrs. Kurtz P. Smith* and *A. H. Dagnall,* for appellant, cite: *As to the authority of the Insurance Commissioner:* Code of 1912, vol. I, sec. 2669; 84 S. C. 256; 130 Minn. 32; 164 N. W. 495; L. R. A. 1918f, 545; 38 Minn. 281; 37 N. W. 782; 6 L. Ed. 253; 77 Minn. 483; 46 L. R. A. 442; 100 Minn. 445; 10 L. R. A. (N. S.) 250; 147 Wis. 327; 37 L. R. A. (N. S.) 489; 204 U. S. 364; 51 L. Ed. 523; 136 Wis. 146; 17 L. R. A. (N. S.) 821; 143 U. S. 649; 36 L. Ed. 294; 67 Minn. 279; 69 N. W. 1094; 254 U. S. 355; 62 L. Ed. 349; 199 Mass. 190; 127 A. S. R. 485; 42 S. D. 291. *As to estoppel:* 181 U. S. 74; 45 L. Ed. 758. *As to duty of defendant to apply dividends to payment of premiums:* (Miss.) 78 So. 362; L. R. A. 1918d, 1010; note L. R. A. 1918d, 1914; 23 L. R. A. (N. S.) 304 (note by annotator); 91 Wash. 324; L. R. A. 1918a, 1240; 78 S. C. 77. *As to insured being entitled to extended insurance:* 82 S. E. (Ga.) 825; 121 Minn. 395; 141 N. W. 518; 34 Ann. Cas. 163; 45 Conn. 480; 29 Am. Rep. 693; 19 Ind. App. 49; 49 N. E. 44; 65 Am. St. Rep. 392; 126 Fed. 82; 115 Ky. 100; 103 A. S. R. 301; 78 S. E. (Va.) 639; 246 U. S. 365; 62 L. Ed. 773; 173 Mo. 329; 72 S. W. 935; 82 S. E. 823; Bouvier's L. Dict. (defining foreclosure); 115 Va. 257; 78 S. E. 639, 640; 9 Misc. Rep. 6; 29 N. Y. Supp. 44; 12 Misc. Rep. 127; 33 N. Y. Sup. 67; 91 S. E. (Ga.) 429. *As to forfeitures:* 103 S. C. 288; 25 Cyc. 872; 16 A. & E. Enc. L., 2d Ed. 941; 29 A. & E. Enc. L., 2d Ed. 1097; 16 A. & E. Enc., 2d Ed. 934; 16 A. E. Enc. L., 2d Ed. 938; 54 S. C. 603; 13 S. E. Rep. 236.

*Messrs. Brooks, Sapp & Kelly, Lee & Moise* and *Bonham, Watkins & Allen,* for respondent. *Messrs. Brooks, Sapp & Kelly* and *Lee & Moise* cite: *As to authority of the Insurance Commissioner:* 13 L. R. A. (N. S.) 1046; Vance on Insurance, pp. 86, 87; 63 S. E. 304. *As to dividends—forfeiture—application:* 101 C. C. A. 56; 76 S. C. 535; L. R. A. 1918a, p. 904; 68 S. E. 1035; 38 S. W. 116; 1st Cooley on

Insurance 123; 109 N. Y. 421; 117 N. Y. 459; 130 N. W. (Neb.) 434; L. R. A. 1918a, pp. 904-906. *As to waiver:* 90 S. C. 1; 65 S. C., p. 1.

October 21, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action on a policy of insurance on the life of William H. Cole, issued by the Greensborough Life Insurance Company on March 1, 1911, and assumed by the Jefferson Standard Life Insurance Company on September 20, 1912.

William H. Cole died on May 24, 1918. The deceased had borrowed on his policy the sum of $309. The premium due on March 1, 1918, of $91.92 was not paid. The policy provided for a distribution of the profits only at the end of 20 years. The plaintiff offered to prove the profits at the end of 5 years. The evidence was excluded by the Court.

The failure of evidence to prove that there was sufficient funds in the hands of the company was, of course, manifest, and the presiding Judge directed a verdict for the defendant. From the judgment entered upon this verdict, the plaintiff appealed.

Before this policy was issued, the Insurance Commission of South Carolina had issued an order forbidding a distribution period of more than 5 years. This policy violated that order making its distribution period 20 years, instead of 5 years.

On the trial of the cause, the plaintiff offered to prove the amount of profits earned by this policy. The defendant objected on the ground that the policy provided for a distribution period at the end of 20 years and that no profits could be claimed before the end of 20 years. This objection was sustained, and from this ruling the plaintiff appealed.

1. This ground of appeal must be sustained.

The insurance commissioner required as a condition pre-cedent to the issuance of a license, that no policies should be issued with a longer distribution period than 5 years. To this the Greensborough Life Insurance Company promised compliance and accepted its license. The State is a party. and a controlling party, to all contracts. Whatever the expressed language of the policy may be, the law reads that contract to provide for a 5-year and not a 20-year distribu-tion period. The testimony was competent, and its exclu-sion was error.

2. There was evidence from which waiver might be inferred, and that question should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.