ANNA LEISY, APPELLEE, V. FARMERS MUTUAL HOME INSURANCE COMPANY, APPELLANT: FEDERAL LAND BANK ET AL., APPELLEES.

FILED JANUARY 25, 1935. No. 29129.

*A. R. Oleson*, for appellant.

*Zacek & Nicholson* and *J. M. Gurnett*, contra.

Heard before Goss, C. J., Rose, Eberly, Day, Paine and Carter, JJ., and Chappell, District Judge.

Carter, J.

This is an action at law upon a policy of fire insurance issued by the Farmers Mutual Home Insurance Company of Hooper, Nebraska, to Henry Leisy, now deceased, in the amount of $2,500, covering a corncrib and elevator. The defendant insurance company defended on the ground that the insured during his lifetime had depleted the property to such an extent as to void the policy. The trial court directed a verdict for the plaintiff at the close of defendant's evidence and, from the overruling of a motion for a new trial, the defendant brings this appeal.

The evidence shows that the property insured consisted of an elevator 54 by 24 and a corncrib and granary 166 by 46 in size; that the center of the building designated as a corncrib and granary was used for the storing and feeding of hay and on each side of which was a cattle shed. On the outside of the cattle shed were grain bins and cribs extending the full length of the building, the outside walls of which formed the side walls of the building. The evidence further shows that various persons at the direction of the insured removed boards from the floor and walls of the grain bins during the life of the policy, but that none was removed from the building proper. The evidence also discloses that the grain bins were not in condition for use and had not been for a considerable period of time prior to the issuance of the policy. The balance of the evidence covers the general condition of the insured property brought about by natural depreciation and has no bearing on the result of this litigation.

On March 28, 1930, the insured property herein described was totally destroyed by fire. Under section 44-344, Comp. St. 1929, commonly called the valued policy law, the plaintiff is entitled to recover the full $2,500 unless Henry Leisy in his lifetime depleted the building to such an extent as to cause a forfeiture of the policy. There is nothing in the policy of insurance providing for

a forfeiture on the grounds alleged in defendant's answer. There can be no question but that there was some depletion of the floors and inside walls of the grain bins, but not such as would void a policy of insurance containing no provision for so doing. The insurance in question was written on the elevator and corncrib as a whole and not upon the integral parts thereof. The buildings insured still maintained their original identity at the time of the fire. In the absence of an express provision in the policy to the contrary, such a depletion of the buildings as is shown by the evidence in this case will not result in a forfeiture of which the defendant can take advantage. Forfeitures are not favored by the law and will be enforced only when the strict letter of the contract requires it or when it would be an unconscionable act to not enforce it. Under the evidence in this case, we are convinced that the trial court was right in directing a verdict for the plaintiff for the full amount of the policy.

The appellant also complains of the trial court's action in striking from its answer the following: "And it (the insured building) was of such small value that the executor of this estate offered to sell it for less than three hundred dollars because of its then present condition just prior to the fire which destroyed it. But the prospective purchaser to whom this offer was made did not consider that it was worth the amount of money that the executor was asking for it." Clearly the trial court was right in striking said allegations, they being wholly immaterial to the issue, and evidence in support thereof could not be properly admitted.

The appellant further complains of the action of the trial court in not admitting in evidence a purported New York standard form fire insurance policy. The offer apparently was made on the theory that section 44-601, Comp. St. 1929, made the provisions of a New York standard form a part of every fire insurance policy issued in this state. If this were true, the appellant could not lay the foundation for its admission by an insurance agent as

was here attempted. The laws of another state cannot be proved in this manner. As a matter of fact, the statute provides that fire insurance shall be written on forms prescribed by the department of trade and commerce as nearly as practicable in the form known as the New York standard form. This being true, the department of trade and commerce is authorized by law to prescribe the form of fire policy and the policy so prescribed can be proved by the records of that office. The trial court was right in sustaining objections to the admission of the purported New York standard form policy.

"Under the valued policy law (Compiled Statutes, 1889, ch. 43, sec. 43), the statute fixes the worth of the property insured conclusively at the valuation written in the contract of insurance, and in case of total loss, that sum is the measure of recovery." *Lancashire Ins. Co. v. Bush,* 60 Neb. 116. See, also, *Fadanelli v. National Security Fire Ins. Co.,* 113 Neb. 830. There being no forfeiture of the contract, and the amount of recovery having been fixed by statute, there was nothing that required submission to a jury.

The judgment of the trial court was in all respects correct and is hereby

AFFIRMED.