Mrs. Lorraine POWELL, Plaintiff,

v.

The HOME INSURANCE COMPANY, Defendant.

Civ. A. No. 6429.

United States District Court
E. D. South Carolina,
Aiken Division.

May 7, 1958.

Solomon Blatt, Jr., Blatt & Fales, Barnwell, S. C., for plaintiff.

Julian B. Salley, Jr., Henderson, Salley & Cushman, Aiken, S. C., for defendant.

TIMMERMAN, Chief Judge.

This is a fire insurance case. Upon its trial the jury returned a verdict for the plaintiff of $2,500 for the loss of her dwelling and $7,000 for the loss of the contents of the dwelling. The policy is a renewal of a pre-existing policy, which afforded $3,000 protection on plaintiff's dwelling and $7,000 on the contents of the dwelling. A fire destroyed the dwelling and its contents while the plaintiff and her husband were in Florida.

The defendant's motion, as originally made, is based upon eight grounds, but the fourth ground has been withdrawn.

The primary contention of the defendant is that, since the policy of insurance contained a $10,000 valuation clause for fire insurance purposes and since plaintiff carried a total of $12,000 of insurance on the dwelling, the policy is void and plaintiff has forfeited the insurance on the dwelling. It is admitted for the purposes of this case that the plaintiff did carry $12,000 of fire insurance on the dwelling.

The defendant made the stated issue by taking exception to the Court's refusal to charge its requests, which, if charged, would have adjudged the forfeiture of the policy covering the dwelling. The fire occurred on April 16, 1957, and at that time the following Section of the 1952 South Carolina Code was in effect, to-wit:

"No company writing fire insurance policies, doing business in this State, shall issue a policy for more than the value stated in the policy or the value of the property to be insured, the amount of insurance to be fixed by the insurer and insured at or before the time of issuing the policy. In case of total loss by fire the insured shall be entitled to recover the full amount of insurance and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of the insurance stated in the contract. But if two or more policies are written upon the same property they shall be deemed and held to be contributive insurance and if the aggregate sum of all such insurance exceeds the insurable value of the property, as agreed by the insurer and the insured, each company shall, in the event of a total or partial loss be liable for its pro rata share of insurance. Nothing in this section shall be held to apply to insurance on chattels or personal property." Sec. 37–154.

■ The defendant has made no attack upon this section of the S.C.Code. It is not contended that it is unconstitutional or that its passage was beyond the power of the General Assembly of South Carolina to enact. Under the law of South Carolina, applicable statutes, such as Section 37–154, must be read into policies of insurance and considered as parts thereof. Hence, the provisions of said section must be read into the policy of insurance here in question. Camden Wholesale Grocery v. National Fire Ins. Co., 106 S.C. 467, 91 S.E. 732; Cole v. Jefferson Standard Life Ins. Co., 113 S.C. 22, 100 S.E. 893; New York Life Ins. Co. v. Greer, 170 S.C. 151, 169 S.E. 837; Dobson v. American Indemnity Co., 227 S.C. 307, 87 S.E.2d 869.

This section plainly says that no insurance company shall issue a policy of fire insurance for more than the value stated in the policy or the value of the property as fixed by the insurer and the insured. It also plainly and unambiguously says that in case of total loss by fire the insured *"shall be entitled to recover the full amount of insurance"*, and that in case of partial loss the insured *"shall be entitled to recover the actual amount of the loss"*, provided the loss does not exceed the amount of insurance stated in the policy. Equally plain and unambiguous is the provision which says that in case two or more policies are written upon the same property, as admittedly is the case here, *"they shall be deemed and held to be contributive insurance and if the aggregate sum of all such insurance exceeds the insurable value of the property, as agreed by the insurer and the insured, each company shall, in the event of a total or partial loss, be liable for its pro rata share of insurance"*. Nothing could be plainer or more explicit, so if this Court has no power to re-write the law of South Carolina it is bound to give effect to the cited section of the South Carolina Code.

■ It is true, as urged by counsel for the defendant, that the case of Graham v. American Eagle Fire Ins. Co., 4 Cir., 182 F.2d 500, announced a contrary doctrine. This brings up the issue of whether the General Assembly of South Carolina, or the federal court, has the power to make law for South Carolina. I hold upon the authority of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that the General Assembly of South Carolina alone has that power and that no court, under our constitutional system of government is legally vested with legislative power. I further hold that when the General Assembly of South Carolina adopted the cited section, it acted within its police power, and that said section was at all relevant times a valid and subsisting law of the State of South Carolina and it is controlling in this case. It abridges no right of the defendant nor does it deny the defendant the equal protection of the law.

■ Under the ruling here made the defendant gets and retains a premium based upon a potential liability of $3,000 while being subjected to a possible liability of only $2,500. Moreover, it is well recognized that the law of South Carolina does not favor forfeitures. Horton v. Atlantic Life Ins. Co., 187 S.C. 155, 197 S.E. 512, 116 A.L.R. 788.

■ Another matter worthy of notice is the fact that the defendant's agent failed to fill in certain blanks on the first page of the policy that was renewed, which obviously he should have done. For instance, he failed to fill in the blank space for the "Per Cent of Co-Insurance Applicable"; and he failed to designate the item to which the claimed valuation of $10,000 applied. As a result an ordinarily prudent person might have easily and sensibly concluded that the $10,000 valuation was only the total of the insurance coverage, viz., $3,000 on the dwelling and $7,000 on the contents. This carelessness properly cannot be attributed to the insured. The consequent ambiguity is chargeable to the insurer since it was the author of the policy contract.

■ I next consider the eighth ground of the motion. Throughout the

trial defendant contended that it and the insured had agreed upon $10,000 as the value of the insured dwelling. As stated in the cited Code section, where there is an agreed value stated in the policy and there is a "total loss by fire the insured shall be entitled to recover the full amount of insurance and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of the insurance stated in the contract". The effect of defendant's position is to say that the Code section is superseded by the policy, wherein it is said that the extent of defendant's liability shall be "the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property", etc. The correct rule is the other way around. The Code section supersedes the cited and contrary language in the policy. From no point of view of the evidence could it be reasonably contended that enough of the dwelling was left upon which to project a repair program. It would be too much like the repairing of an automobile by buying and assembling all of its parts, except seat covers. As stated in Fowler v. Merchants' Fire Assur. Corp., 172 S.C. 66, 172 S.E. 781, 784, "* * * it was error to admit evidence relating to the cost of repairs for the purpose of determining the extent of the loss", citing Bruner v. Automobile Ins. Co., 165 S.C. 421, 164 S.E. 134. In the Bruner case the trial court charged the jury as follows:

> "In the case of partial loss by fire, in order to determine the same, the jury will take the agreed value as stated in the policy, and from it subtract the value of the salvage or proportion of the house remaining after the fire, as they find the same from the preponderance of the evidence, and the result will give the amount of damage, as contemplated in law."

That charge was approved by the Supreme Court and it was reaffirmed in the Fowler case at page 783 of 172 S.E.

The defendant offered no evidence from which a salvage value could be estimated with any degree of certainty. On the other hand an experienced builder, testifying for the plaintiff, stated there was no salvage value, but that what remained after the fire would actually be a liability for one desiring to rebuild.

It seems to me that the other grounds of the motion are too trivial for consideration. For instance, the sixth and seventh grounds merely object to claimed misplaced emphasis in parts of the charge to the jury. I haven't the slightest doubt of the other side's ability to recite an equal number of similar imaginary grievances.

I am of the opinion that the defendant's motion should be denied; and it is so

Ordered.