18365

Kelley C. TEDDER, Respondent, v. HARTFORD FIRE
INSURANCE COMPANY, Appellant

(143 S. E. (2d) 122)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

164

*J. Reuben Long, Esq.,* of Conway, *for Respondent,*

June 17, 1965.

LEWIS, Justice:

This is an action to recover for a total loss under a policy of fire insurance. The issues to be decided concern the claimed right of the insurer to replace the property destroyed instead of paying the full amount of the policy.

The defendant, Hartford Fire Insurance Company, issued to the plaintiff, Kelley C. Tedder, a policy of insurance under which a dwelling owned by the plaintiff was insured against loss by fire in the amount of the agreed value of $10,000.00. The building was totally destroyed by fire while the policy was in full force and effect. Upon the filing of proof of loss, the defendant notified the plaintiff that it elected to replace the building destroyed with another of like kind and quality instead of paying the amount of the insurance, relying upon the following policy provision:

"It shall be optional with this company to take all or any part of the property at the agreed or appraised value and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on given notice of its intention so to do within 30 days after the receipt of the proof of loss herein required."

The plaintiff refused to permit the defendant to replace the building and took the position that the policy provisions, construed in connection with the applicable statutes, required the defendant to pay the face amount of the insurance. The parties were unable to agree upon an adjustment of the loss, and this action was brought to recover the sum of $10,000.00, the face amount of the policy. The trial of the case resulted

in a verdict and judgment for the plaintiff in the foregoing amount, from which the defendant has prosecuted this appeal.

During the trial and in response to timely motions for a directed verdict by both the plaintiff and the defendant, the lower court held that the above quoted policy provision was binding on the parties and submitted the case to the jury to determine whether the defendant had complied with the terms of the policy by making a bona fide attempt to replace the building within a reasonable time. The jury decided this issue against the defendant and rendered a verdict for the plaintiff. The only question submitted and argued on appeal is whether there was any evidence to sustain such finding.

If affirmance of the judgment in this case depended solely upon the answer to the foregoing question, we would not hesitate to enter judgment for the defendant; for the testimony conclusively shows that the defendant made a timely election and attempt under the policy provisions to replace the property destroyed.

However, the record presents a clear ground for affirmance of the judgment, which we reach by application of Rule 4, Section 8, of the Rules of the Supreme Court. The foregoing Rule reserves to this Court "the right to sustain any ruling, order or judgment upon any grounds appearing in the record." The application of this Rule was discussed in the recent case of *Colonial Life & Accident Insurance Co. v. S. C. Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908.

While the policy contains the quoted provision, which gives to the defendant the right in case of loss to either pay the amount of the insurance or replace the property, we think that such policy provision is invalid as applied to a total loss in view of the terms of Section 37-154 of the 1962 Code of Laws. This section provides, in part, as follows:

"No company writing fire insurance policies, doing business in this State, shall issue a policy for more than the value stated in the policy or the value of the property to be insured, the amount of insurance to be fixed by the insurer and in-

sured at or before the time of issuing the policy. In case of total loss by fire the insured shall be entitled to recover the full amount of insurance, and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of the insurance stated in the contract. * * *."

Under settled principles, this statute forms a part of every fire insurance policy issued in this State and any policy provisions in conflict with the statute are null and void. *Camden Wholesale Grocery v. National Fire Ins. Co. of Hartford, Conn.,* 106 S. C. 467, 91 S. E. 733; *Southern Farm Bureau Casualty Ins. Co. v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769.

The foregoing section plainly says that "[i]n case of total loss by fire *the insured shall be entitled to recover the full amount of insurance"* provided by the policy. It is agreed that the amount of insurance was $10,000-.00 and that the property insured was totally destroyed by fire. Therefore, under the clear language of the statute, the plaintiff was entitled to, recover the sum of $10,000.00, the amount of insurance which his policy admittedly provided.

The defendant contends, however, that it had the right under the above quoted policy provision to replace the building destroyed with another of like kind and quality instead of paying the amount of the insurance. We do not agree. The fact that the policy contains a provision whereby the defendant is given the option of replacing the property destroyed cannot operate to change its liability from that fixed by the statute. As stated in *Milwaukee Mechanics' Ins. Co. v. Russell,* 65 Ohio St. 230, 62 N. E. 338, 339, 56 L. R. A. 159: "Obviously the purpose of the rebuilding clause in the policy in question, and its only purpose, was, that it might enable the defendant in case of total loss to discharge its liability on the policy by the expenditure of a less sum of money than would be required to, pay the amount of the insurance named in the policy. In no, other way could the company derive any benefit from that clause.

If the expense of rebuilding would exceed, or even equal, the amount of the insurance mentioned, there could be neither advantage nor object on the part of the company to undergo that trouble. And when the expense is less the performance of that condition by rebuilding the destroyed property would be but a mode of satisfying the obligation of the company by payment, to persons other than the insured, of a sum less than became payable on the policy according to the provisions of the statute. * * * Such a result, under any condition or agreement in the policy, is in conflict with the requirements of the statute, and defeats its manifest purpose, which evidently was to remove from the field of controversy the amount and mode of payment of total losses."

The policy provision giving to the defendant the right to rebuild or replace the insured property in case of total loss was contrary to the plain provisions of Section 37-154 and, therefore, of no binding effect. Under the undisputed facts, the lower court should have granted plaintiff's motion for a directed verdict upon this ground. See: *Powell v. Home Insurance Co.*, D. C., 164 F. Supp. 654; *Fadanelli v. National Security Fire Ins. Co.*, 113 Neb. 830, 205 N. W. 642; *Firemen's Ins. Co. v. Little*, 189 Ark. 640, 74 S. W. (2d) 777; *Phoenix Ins. Co. v. Levy*, 12 Tex. Civ. App. 95, 33 S. W. 992; *Horn v. Atlas Assur. Soc.*, 241 Ky. 226, 43 S. W. (2d) 675; 29A Am. Jur., Insurance, Section 1699.

For the foregoing reasons, judgment for the plaintiff is affirmed.

Affirmed.

TAYLOR, C. J., MOSS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting J., concur.