## 18616

Fannie Marie DAVIS, Appellant, v. SOUTHERN LIFE INSURANCE COMPANY and Marion Copeland d/b/a Deluxe Funeral Home, of whom Southern Life Insurance Company is, Respondent.

(153 S. E. (2d) 399)

*Messrs. Floyd & Craig,* of Hartsville, *for Appellant,*

*Messrs. Paulling & James,* of Darlington, *for Respondent,*

*Messrs. Floyd & Craig,* of Hartsville, *for Appellant, in Reply.*

March 8, 1967.

Moss, Chief Justice.

Southern Life Insurance Company, the respondent herein, on January 6, 1964, issued to Harry Davis an insurance policy on his life in the face amount of Five Hundred & 00/100 ($500.00) Dollars, and his wife, Fannie Marie Davis, the appellant herein, was therein designated the

beneficiary. It was provided by the terms of the aforesaid policy that the insured had the right to change the beneficiary. Thereafter, in accordance with the reservation made, Marion Copeland was designated as beneficiary of said policy in lieu of the appellant and such change was endorsed upon the said policy on September 18, 1964. The insured died on December 1, 1965.

The appellant commenced this action on May 31, 1966. In the complaint she alleged that the aforesaid insurance was purchased by her husband so that she could use the proceeds thereof for his proper burial. It was further alleged that subsequent to the issuance of said policy that the respondent, in furtherance of a scheme and conspiracy to cheat and defraud her out of the proceeds of said policy and the use thereof to provide for the burial of her said husband, did enter into an unlawful agreement with Marion Copeland, an undertaker, who operated a funeral home and had no insurable interest in the life of her husband, whereby the said Copeland would, if designated as beneficiary in said policy, pay the premiums thereon and upon the death of the insured would give him a decent burial to be paid for out of the proceeds of said policy. It was further alleged that the insured and the appellant were ignorant and uneducated Negroes and upon receiving assurance from the undertaker and the respondent that the said agreement was proper and would be carried out, consented that Copeland be named as beneficiary in the aforesaid policy. It was further alleged that the respondent and Copeland knew, or should have known, that the aforesaid agreement was illegal and void and, therefore, the appellant remained and still is the legal beneficiary of said policy. It was further alleged that the respondent refused to pay over the proceeds of said insurance policy to the appellant in consummation of an aforesaid unlawful scheme and conspiracy. The appellant further alleged that as a result of the aforesaid conspiracy, she has been caused to suffer great mental anguish and unnecessary grief, to spend many sleepless nights worrying

about her inability to pay said funeral expenses after being deprived of her only means of payment, has been harassed by the undertaker for the payment of said funeral expenses, and has been visited by representatives of the respondent and caused to sign papers when she was ignorant of the contents and import thereof; all of which has caused her nerves to be grieviously upset. It was then alleged as a consequence of the aforesaid conspiracy, consummated by the refusal of the respondent to pay over the proceeds of said policy for the purpose of burying her husband; that she is entitled to actual and punitive damages.

The respondent demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it for the following reasons, all of which appear upon the face of the complaint: (1) That at the time of the death of Harry Davis the appellant was not the owner of or beneficiary under said policy nor was she entitled to any benefits thereunder but, on the contrary, Marion Copeland was the beneficiary of said policy and entitled to the benefits thereunder; (2) That the appellant has sustained no damages as a result of the matters alleged in her complaint; (3) That none of the legal rights of the appellant have been invaded by the respondent, and (4) There was no privity of contract between the appellant and this respondent and no tort was committed against the appellant.

The demurrer was heard by The Honorable James A. Spruill, Jr., Resident Judge of the Fourth Judicial Circuit. It was the contention of the appellant that she was originally designated as the beneficiary of the insurance policy here involved, and that the change of beneficiary was illegal and void because it was in violation of Section 37-177 of the 1962 Code, and that the change of beneficiary was effected through a conspiracy. It is provided in the cited section of the Code that: "It shall be unlawful for any life insurance company * * * to contract or agree with any funeral director, undertaker or mortuary to the effect that

such funeral director, undertaker or mortuary shall conduct the funeral of any person insured by such company. * * *"

The trial judge, by his order dated September 6, 1966, sustained the demurrer of the respondent and dismissed the complaint, holding that the statute upon which the appellant relies did not prevent the change of beneficiary from being effected. The appellant is before this court upon exceptions challenging this ruling.

It is now well established under our decisions that where a right to change the beneficiary has been reserved to the insured in the policy, the named beneficiary, during the lifetime of the insured, has not a vested right or interest but a mere expectancy, and the complete control of the policy remains in the insured. Upon the death of the insured the rights of the beneficiary become vested. *Swygert v. Durham Life Ins. Co.,* 229 S. C. 199, 92 S. E. (2d) 478. We have also held that in the absence of statutory prohibition, one may in good faith insure his own life for the benefit of anyone, regardless of whether the latter has an insurable interest in his life and this principle is equally applicable to a change of beneficiary effected by the insured. *Chapman v. Scott,* 234 S. C. 469, 109 S. E. (2d) 1. It is the contention of the appellant that the change of the beneficiary in the insurance policy here involved was invalid, null and void because the same was based upon an agreement which violated Section 37-177 of the Code.

It is the position of the respondent that under the facts alleged in the complaint the appellant is not entitled to recover because she has sustained no damage. The appellant admits in her complaint that her husband purchased the policy of insurance in question so that the proceeds thereof could be used for his proper burial. The appellant seeks to recover the proceeds of said policy solely for the purpose for which the insured purchased the policy. She alleges that the respondent has refused to pay her the proceeds of said policy for said purpose. Nowhere in the complaint is it alleged that the appellant has incurred any

expense in the burial of her husband nor has she assumed any obligation to pay such. It is the position of the appellant that she is entitled to receive the proceeds of the policy in question solely for the purpose of paying the funeral expenses of her husband. She does not allege that she has any right to the proceeds of said policy in her individual capacity. On the contrary, it is implicit from the record in this case that Marion Copeland, a defendant in this action, has borne the burial expense of the insured and has not received payment therefor from either the appellant or the respondent. Under the allegations of the complaint the proceeds of the policy would in no event be paid to the appellant in her individual capacity. Taking the facts as alleged in the complaint as being true, as we must in considering a demurrer, and the capacity in which the appellant brings this action, she has lost nothing and suffered no damage by reason of the change of the beneficiary. We have held that an action for actual and punitive damages must be founded on proof of legal injury and actual damage and the two elements must concur. In the absence of such no cause of action is maintainable. *Rice v. Palmetto Life Ins. Co.*, 196 S. C. 410, 13 S. E. (2d) 493.

We think it unnecessary to pass upon the question of whether the change of the beneficiary in the policy here involved was illegal and void because it was in violation of Section 37-177 of the Code. We are convinced that the judgment of the lower court should be affirmed on the grounds stated, which we reach by application of Rule 4, Section 8 of the Rules of this Court. This rule reserves to this court "a right to sustain any ruling, order or judgment upon any grounds appearing in the record." *Tedder v. Hartford Fire Ins. Co.*, 246 S. C. 163, 143 S. E. (2d) 122.

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and G. BADGER BAKER, Acting J., concur.