19952

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Joe FREEMAN and Wayne Freeman, Respondents.

(211 S. E. (2d) 561)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph C. Coleman, Dep. Atty. Gen.,* of Columbia, and *Acker and Acker,* of Pickens, *for Appellant,*

*H. Samuel Stilwell, Esq.,* of *McDonald, Cox, & Stilwell,* Greenville, *for Respondents,*

January 30, 1975.

Lewis, Justice:

The South Carolina State Highway Department (Department) has appealed from a jury award to the respond-

ents (landowners) in the amount of $13,600.00 for the taking by the Department of 4.51 acres of land in Pickens County for highway right of way purposes. The sole issue to be decided is whether there was any evidence to sustain the award of the jury in the foregoing amount.

The Department takes the position that, under the testimony, the jury could not have lawfully returned a verdict in excess of $9,720.00 and that the judgment should be reversed for entry of judgment in favor of the landowners in that amount. The landowners contend, on the other hand, that the Department seeks to limit the award to the landowners' appraisal of the actual value of the land taken with no consideration to testimony as to damages caused to the remainder of the land from the taking.

In condemnation proceedings brought by the Highway Department to acquire a portion of a tract of land for highway right of way purposes, the damages recoverable are limited to the value of the land actually acquired for the right of way and any injury resulting to the remaining property. The value of the land condemned is to be determined upon the basis of its most advantageous and profitable use. *South Carolina State Highway Department v. Bolt,* 242 S. C. 411, 131 S. E. (2d) 264.

There was testimony that the highest and best use of the land involved was for residential lots, a portion of which had already been developed. An appraiser for the landowners testified that the per acre value of the land actually within the right of way was $2,000.00, or a total of $9,020-.00 for the 4.51 acres taken. A small triangular portion of .72 of an acre was severed and isolated from the remaining tract. The damage to this lot was placed at $700.00, giving a total estimated damage of $9,720.00 to the isolated lot and land taken. It is this figure, which the Department contends, constitutes the maximum allowable damage to the landowners.

However, the Department's contention overlooks the testimony of the landowners as to damage to the remaining lands from the taking of the right of way. *Without objection,* one of the landowners testified that three (3) lots adjoining the right of way would be damaged from $500.00 to $1,000.00 per lot, and four (4) others $500.00 each, because of the grade of the highway. These estimates of damage to the remaining land, together with the appraisal of $9,720.00 for the value of the land taken, amounted to $14,720.00. The verdict for $13,600.00 was, therefore, within the range of the testimony as to the damages sustained by the landowners and sufficient to sustain the verdict.

The jury was allowed to view the property in question and, in refusing the Department's motion for a new trial, the trial judge, in effect, held that the jury could consider its view of the premises in arriving at the amount to be awarded as damages. Assuming that the trial judge was in error in so holding and based his ruling upon an erroneous ground, this would not preclude affirmance of the judgment under Rule 4, Section 8 of the Rules of this Court. That rule reserves to this Court the right to sustain the judgment upon any grounds appearing in the record. *Davis v. Southern Life Insurance Company,* 249 S. C. 194, 153 S. E. (2d) 399; *Kunkle v. South Carolina Electric and Gas Company,* 251 S. C. 138, 161 S. E. (2d) 163.

Judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.