24006

Robert AVERILL and Gerri Averill, Respondents v. PREFERRED MUTUAL INSURANCE COMPANY, and Hover Insurance Agency, Inc., of which Preferred Mutual Insurance Company is, Appellant.

(441 S.E. (2d) 632)

Supreme Court

*John L. Choate* and *Pamela M. Pearson*, of *Cozen and O'Connor*, Columbia, *for appellant.*

*Brian C. Pitts*, of *Bowen & Smoot*, Hilton Head Island, *for respondents.*

Heard January 5, 1994.

Decided Feb. 7, 1994.

MOORE, Justice:

Respondents (Homeowners) purchased an insurance policy from appellant (Insurer) that insured against loss caused by fire while their home was being constructed. Before construction was complete, the home was totally destroyed by fire. Homeowners commenced this action for breach of contract when Insurer refused to pay the amount Homeowners claimed they were due under the policy. The trial judge granted Homeowners summary judgment. We affirm.

## ISSUE
What coverage is due under the language of the policy?

## DISCUSSION
The policy in question provides that under Coverage A, the dwelling is insured with a $300,000 limit of liability. The policy includes an endorsement entitled "Dwelling under Construction" which provides:

> BUILDERS' RISK
> The insurance applies only to the dwelling or structure under Coverage A *while under construction.*

PREMIUM

The premium is based on an average amount of insurance during construction.

AMOUNT OF INSURANCE

The limit of liability stated in the declarations for Coverage A is provisional. The actual amount of insurance on any date while the policy is in force will be a percentage of the provisional amount. *The percentage will be the proportion that the actual value of the property bears to the value at the date of completion.*

OCCUPANCY

You will advise us when construction is completed for our consent to occupy the dwelling and for adjustment of premium. Occupancy of the building under Coverage A as a dwelling is permitted for 30 days after completion.

POLICY PROVISIONS

All other provisions of this policy apply. (Emphasis added.)

The dispute between the parties concerns the amount to be used as the "value at date of completion" under the paragraph entitled "AMOUNT OF INSURANCE" in order to calculate the amount of coverage available. Insurer claims the value at date of completion is the total cost to construct the home or $437,059. Homeowners contend the value at date of completion is the liability limit in the policy or $300,000. Using this lower figure results in a greater amount of coverage since it is the denominator in the policy's formula to determine the amount of insurance. Homeowners rely on the following clause in the policy:

> 26. Valuation Clause. With respect to the perils of fire and lightning, *we agree that the limit of liability stated in Coverage A* and B of the Declarations of this policy *is the value of the building* described. This valuation is established for insurance purposes only.

All other provisions of this policy apply. (Emphasis added.)

The trial judge found that under the plain language of the policy, specifically paragraph 26 above, the "value at date of completion" equals the limit of liability or $300,000. He then calculated the amount of coverage using this figure as the denominator.

Insurer argues the definition of value under paragraph 26 does not apply to loss incurred while the home is under construction but becomes applicable only after the completion of construction. We find no support for this reading of the policy. As quoted above, the "Dwelling under Construction" endorsement expressly provides: "This insurance applies only to the dwelling or structure under Coverage A while under construction" and "All other provisions of this policy apply." There is nothing in the policy itself to support the conclusion that the definition in paragraph 26 does not apply.

Moreover, S.C. Code Ann. § 38-75-20 (1989) mandates such a reading of the policy. This section provides in pertinent part:

> No insurer doing business in this State may issue a fire insurance policy for more than the value stated in the policy or the value of the property to be insured. The amount of insurance must be fixed by the insurer and insured at or before the time of issuing the policy. *In case of total loss by fire the insured is entitled to recover the full amount of insurance.* In case of a partial loss by fire the insured is entitled to recover the actual amount of the loss but in no event more than the amount of the insurance stated in the contract.

(Emphasis added.)

In *Tedder v. Hartford Fire Ins. Co.*, 246 S.C. 163, 143 S.E. (2d) 122 (1965), we impliedly overruled precedent to the contrary[1] and construed this statute to require that in a case of total loss by fire, recovery equals the full amount of insurance under the policy and not the actual value of the insured property. Accordingly, we construe the statute to require in this case that the amount of coverage be proportional to the full amount of insurance under the policy rather than proportional to the actual value of the insured property at completion.

Affirmed.

CHANDLER, FINNEY and TOAL, JJ., concur.

HARWELL, C.J., not participating.

[1] *See Ulmer v. Phoenix Fire Ins. Co.*, 61 S.C. 459, 39 S.E. 712 (1901).