14535

SHULER v. EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES

(193 S. E., 46)

December, 1936.

*Mr. Thos. M. Boulware,* for appellant, cites:

*Messrs. Thomas, Lumpkin & Cain* and *Blatt & Fales,* for respondent, cite:

October 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The appellant is suing for the recovery of damages in the sum of $3,000.00, claimed to have been suffered by reason of an alleged fraudulent breach of an insurance contract issued by the respondent to William F. Shuler, her husband, on February 27, 1919, in which the appellant was the named beneficiary. This appeal is prosecuted from an order of nonsuit, granted by the trial Judge on motion of the defendant. An examination of the policy of insurance clearly establishes that the insured reserved the right to change the beneficiary in the manner therein described, and it is admitted that the

insured was, at the time of the commencement of this action, and is now, alive. A preliminary statement of the testimony, which we must view in the light most favorable to the appellant, will give the necessary history of the transaction leading up to the institution of the action.

It appears that an annual premium became due under the policy on October 21, 1934, and the insured made application to the society for an increased loan in aid of settlement of the premium, but was advised that on account of the indebtedness then outstanding against the policy it would be necessary for him to pay $2.49 in cash to complete the payment. It further appears that on November 10, 1934, well within the grace period, the plaintiff gave to a soliciting agent of the society at Orangeburg, S. C., the necessary amount in cash, with the request that he transmit it to the office of the cashier. Later it developed that the agent neglected to send in the money within the grace period, which caused the cashier's office to advise the insured that the policy had become lapsed for nonpayment of premium, but that application for reinstatement would be considered. Thereafter, according to the insured's testimony, he went to see the agent and asked why he had not remitted the money given to him, within the required time, and that the agent replied that the matter could be satisfactorily adjusted, but that it would be necessary for him to sign an application for reinstatement, which was done.

The insured testified that he informed the agent that, on account of an illness previously suffered by him, he could not truthfully represent himself to be in good health, but signed the application at the insistence of the agent, who told him that if he had not been confined to bed his illness was immaterial. The society accepted the reinstatement.

During the summer of 1935 the insured became ill, suffering from duodenal ulcers, and thereafter submitted his claim for total and permanent disability benefits under the policy. Within a short time thereafter, he received a letter

from the society notifying him that the reinstatement of the policy had been rescinded on account of the failure of the applicant to disclose his true condition of health in his application, and that it denied all liability thereunder. A similar letter was written to the plaintiff, as the beneficiary of the policy. It further develops in the testimony that, after the receipt of the letter of rescission, W. F. Shuler, the insured, instituted an action against the society for the recovery of damages on account of the alleged wrongful breach of those provisions of the policy wherein the society contracted to pay disability benefits, which breach was alleged to have been accompanied by a fraudulent intent and accomplished by a fraudulent act. The trial of this case resulted in a verdict in favor of the insured for the sum of $1,600.00 and the judgment entered thereon was duly paid and satisfied.

From this review of the testimony it appears that the respondent was without right to rescind the reinstatement of the policy.

By the insurance contract the respondent promised to pay to the beneficiary, subject to any loan or advance made by it, and subject to the general provisions of the policy, the sum of $2,000.00, upon receipt of due proof of the death of the insured, provided premiums had been duly paid, and provided the policy should then be in force, with the right reserved to the insured to change the beneficiary.

The following provision forms a part of the contract:

"If the right to change the beneficiary has been reserved and there is no written assignment of this policy on file with the Society, the Insured may from time to time during its continuance, change the beneficiary or beneficiaries by a written request, upon the Society's blank, filed at its Home Office, but such change shall take effect only upon the endorsement of the same hereon by the Society.

"If there be no beneficiary surviving at the death of the insured, the proceeds of this policy shall be payable to the executors, administrators, or assigns of the Insured."

It is now the settled law of this jurisdiction, and of most jurisdictions, that where a right to change the beneficiary has been reserved to the insured in the policy, the named beneficiary has a mere expectancy and not a vested right or interest. *Bost v. Insurance Company*, 114 S. C., 405, 103 S. E., 771; *Antley v. Life Insurance Company*, 139 S. C., 23, 137 S. E., 199, 60 A. L. R., 184; *Livingston v. Life Insurance Company*, 173 S. C., 87, 174 S. E., 900, 902. But this expectancy, while held subject to the exercise of the right of the insured to change the beneficiary, is entitled to the protection which the policy gives it, not to be defeated except in the contract method; that is to say, where the policy prescribes a plan for changing the beneficiary, there must be at least a substantial compliance therewith. *Wannamaker v. Stroman*, 167 S. C., 484, 166 S. E., 621; *Davis v. Acacia Mut. Life Ins. Co.*, 177 S. C., 321, 181 S. E., 12.

The plaintiff is suing as beneficiary under the policy, and the question is, has she under the law of this state such an interest in the contract as entitles her to recover damages for its wrongful cancellation during the life of the insured; and has she such an interest therein as that she can be deemed to have suffered legal damages from its breach by the defendant.

The rule is well settled that, under an ordinary policy of life insurance, in which there is no reservation of a right to cut off or modify the interest of the beneficiary, the policy and the money to become due under it belong, from the time of its issuance, to the person named in it as the beneficiary, and that the insured is without power in such case by any act of his to transfer to any other person the interest of the person so named as beneficiary. Under such a policy the beneficiary acquires a vested right, which cannot be affected by any act of the insured subsequent to the execution of the policy, except it be a breach of condition. If, however, as shown by the authorities above noted, by the

terms of the policy itself there is reserved to the insured (as was done here) the right, without the consent of the beneficiary, to change the appointee, with the assent of the insurer, the beneficiary acquires only an expectancy, and not a vested interest, during the life of the insured.

Under the right reserved in the insured's contract, the interest of Mrs. Shuler, as beneficiary, was inchoate, a mere expectancy during his lifetime, dependent on the will and pleasure of her husband, as holder of the policy, and could not vest until his death, with the policy unchanged.

By the quoted provision of the policy, which provides how a change of beneficiary may be effected, neither the insured nor the insurer, nor both acting together, could accomplish a change except by substantial compliance with the plan therein provided. Neither the insured nor the insurer has made any attempt to change the beneficiary. The appellant contends that, even though her husband is still living, she is enabled to bring this action for wrongful cancellation, because her interest has become vested by reason of the fact that no change can now be made, the insurance company having repudiated the contract and breached it in its entirety.

By the weight of authority, where an insurer wrongfully cancels, repudiates, or terminates the contract of insurance, the insured may at once pursue either of three courses: (1) He may elect to treat the policy as still in force, and let the test of the validity of the cancellation or repudiation await until the policy is payable and is sued on; (2) he may sue in equity to set aside the cancellation, and to have the policy declared to be valid and in force; or (3) he may maintain an action at law to recover damages for the wrongful cancellation or repudiation. 32 C. J., § 461, p. 1263. This right inures to the benefit of the insured.

There is also authority for the position that an action will lie for damages by the beneficiary for the wrongful repudiation of an insurance contract, the cause of action residing in the beneficiary where he has a vested interest under the policy; but where he has no vested interest he cannot sue for a repudiation. 14 R. C. L. , § 193; *Slocum v. Northwestern National Life Ins. Co.*, 135 Wis., 288, 115 N. W., 796, 14 L. R. A. (N. S.), 1110, 128 Am. St. Rep., 1028.

We think that it cannot successfully be asserted that any act of the respondent made it impossible and placed it beyond the power of the insured to change the beneficiary, or otherwise destroy her expectancy. Conceding that the rescission of the reinstatement was wrongful and unlawful, the interest of the beneficiary could not thereby be affected because her interest under the terms of the insurance contract was contingent. In law, the policy was still in force, the insured was then, and is now, alive, and the interest of the beneficiary may be completely extinguished by the happening of any one of several contingencies, namely, the insured may change the beneficiary; he may surrender the policy for its cash surrender value; he may hypothecate it as security for a loan.

The uncertainty of the appellant's interests, as beneficiary, growing out of the contingencies incident to the power of the insured to thus deal with the policy, renders the rights of the beneficiary too hypothetical to be made the ground for damages for breach of contract. It is a mere expectancy of an unascertainable value, and hence cannot be made the basis of a claim for damages.

It follows that the bringing of this action on the part of the plaintiff-beneficiary is clearly premature, and the action cannot be maintained. Having reached the conclusion announced, a consideration of other questions becomes unnecessary.

All exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.