14677

WILKIE *ET AL.* v. PHILADELPHIA LIFE INSURANCE COMPANY *ET AL.*

(197 S. E., 375)

384

386

390

392

394

*Mr. Fred D. Townsend,* for appellant,

*Messrs. Cooper & Maher,* for respondents,

May 2, 1938.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was brought to recover $3,000.00, the proceeds of a policy of insurance issued by the defendant company on the life of one Eulela H. Otis, who died on April 20, 1936. The plaintiffs are the sisters of the deceased and claim such proceeds as substituted beneficiaries; the defendant, Barbara H. O. Griffin, contends that she is entitled, as the designated beneficiary in the policy, to the fund in question, and challenges the validity of the substitution sought to be made by her mother, the insured.

The cause was referred to the Master of Richland County, who took the testimony and made his report on June 5, 1937. He found, as a matter of law and of fact, that no change of beneficiary was accomplished in the contract method; that the sisters have no equitable right or title to the proceeds of the policy, and are mere volunteers in the eyes of the law. He further found that Barbara H. O. Griffin, the daughter, by reason of her designation by endorsement on the policy, is the legal beneficiary, and that the award of the fund should be made to her.

Exceptions were taken to the report and the matter was heard by his Honor, Judge Grimball, who reversed the Master, holding that the evidence supported the position taken by the plaintiffs, to wit, that the insured had substantially complied with the requirements of the policy covering the change of beneficiary; that she did all in her

power to bring about the desired change, and that, therefore, the equitable maxims, that "equity regards and treats that as done which ought to be done" and "equity regards substance rather than form", should be applied in this case and the proceeds of the policy awarded to the sisters. The defendant, Griffin, appeals and charges the Circuit Judge with error in so holding.

We think the Circuit Judge, under the admitted facts, which are fully and correctly stated by the Master in his report, was wrong in the conclusion reached by him.

In 37 C. J., 585, the writer says: "On the principle that equity regards as done that which ought to be done, the courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, and where it has been lost, or was in the possession of another person who refused to surrender it or was otherwise inaccessible." See *Taff v. Smith,* 114 S. C., 306, 103 S. E., 551.

It is true that the insured in the case at bar was a very ill woman, from April 5 to April 20, 1936, and during that time was in the hospital and underwent two major operations. She was entirely rational, however, up to the day before her death, April 20th; and while she was physically unable to leave the hospital and go to the South Carolina National Banks in the City of Columbia to get the policy from her safety deposit box there, she was, as pointed out by the Master, "surrounded by all reasonable and necessary conveniences and attendants, and with presence of mind by which she could have caused the policy to be forwarded to the company." In view of these facts, it can hardly be said that the insured, by reason of circumstances beyond her control, was unable to obtain the policy from her lock box and send it to the company.

We approve the findings and conclusions of the Master, and his report will be incorporated in the report of the case.

The judgment of the Circuit Court is reversed and the case remanded to that Court with instructions that the proceeds of insurance be paid to Barbara H. O. Griffin, defendant herein, in accordance with the trust provisions of the policy.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.

ORDER ON PETITION FOR REHEARING ON JUNE 3, 1938

*Per curiam.*

The respondents ask for a rehearing in this case. We have given to their petition the careful consideration it deserves; but it not being made to appear that this Court, in its consideration and disposition of the appeal, overlooked or disregarded any material question of fact or applicable principle of law:

It is ordered that the petition be dismissed and the order staying the remittitur revoked.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.