16755

BABB v. PAUL REVERE LIFE INS. CO., WORCHESTER,
MASSACHUSETTS *ET AL.*

(77 S. E. (2d) 267)

*Mr. T. Sam Means, Jr.,* of Spartanburg, *for Appellants,*

*Mr. E. W. Johnson,* of Spartanburg, *for Respondent,*

*Mr. T. Sam Means, Jr.,* of Spartanburg, *for Appellants, in Reply,*

June 22, 1953.

STUKES, Justice.

This action was commenced in November 1951 in the Court of Common Pleas for Spartanburg County, whence it has come to us on appeal by the defendants. It was first removed to the United States Court by the non-resident defendant Insurance Company but was remanded to the State Court by District Judge Wyche in a lengthy order which is reported in 102 F. Supp. 247. Further reference will be later made to this order which plaintiff and defendants expressly agree is binding upon them and is the "law of the case," quoting from one of the exceptions.

Plaintiff brought the action individually and as administratrix of her husband's estate. It was alleged in the complaint that the company on May 23, 1947, issued its "Income Protector Policy", called "non-cancellable," to Arthur C. Babb, now deceased, who was plaintiff's husband and intestate. The policy provided monthly payments for disability from accident or sickness, under specified conditions and limitations, hospital and medical benefits. Afterward and when the policy was in force the insured became mentally ill, was a patient in a convalescent home and went regularly to a hospital in Augusta, Georgia, for electric shock treatments. By all of the foregoing the insured was entitled to payments under the policy and filed claims therefor on forms furnished by the company. In May 1948 the company, through the individual defendants, who were its agents, paid to the insured about $638.00 and induced him to surrender the policy upon the representation that the insured had falsely stated in the application for the insurance that he had not had arthritis, whereas he had, which would have prevented the issuance of the policy, whereby it was void for the false representation and would have to be surrendered. In fact, the insured had made no mistatement relat-

ing to arthritis; the defendants knew, or should have known, that the insured was at that time mentally ill and unable to understand what he did, etc. In a designated second cause of action it was further alleged that in addition to the sums due the insured, now his estate, the policy provided for payment to the plaintiff, who was named beneficiary, the sum of $7,500.00 in the event of the accidental death of the insured. There follows an itemization of the alleged payments which should have been made to the insured for his disability, medical and hospital bills, aggregating $4,006.00, upon which the payment of about $638.00 had been made, and the balance is due and owing unto his estate. It was further alleged that the insured was accidentally killed on March 7, 1951, and proof of death submitted to the company, which entitles plaintiff to the payment of the $7,500.00 death benefit. Prayer of the complaint was, in substance, for judgment that the surrender of the policy was void, that an accounting be made by the defendants and for judgment on the second cause of action for the balance of the alleged accrued disability, etc., benefits, and the further sum of $7,-500.00 accidental death benefit, and for "other just relief."

The answer admitted the issuance of the policy of the terms alleged in the complaint and alleged breach of warranty in the application that the insured had not suffered from rheumatism or arthritis, which in fact he had; the representation was falsely and knowingly made with intent to deceive the company into issuance of the policy, upon which it relied; that when it learned thereof it elected to cancel and rescind the policy and it paid $638.00 to the insured for the surrender and cancellation of the policy about April 11, 1948, whereupon he executed and delivered a release and discharge of the company from all liability under the policy, at which transaction the plaintiff was present. Further defense was interposed under an alleged condition of the policy against liability for injury by suicide or suicidal attempt, which was alleged to have been the cause of the insured's death. No premiums were paid or tendered after

surrender and cancellation of the policy, which was about three years prior to the death of the insured. All liability was denied.

It was concluded in the order of Judge Wyche, by which the litigants agree that they are bound, that, despite the statement of two causes of action, the complaint really alleges one joint cause of action against all of the defendants for fraud and deceit, in which all participated and for which all are responsible. It is not an action for breach of the insurance contract, which it is alleged was surrendered and cancelled. It was held in effect that the action is in tort.

After remand to the State Court the defendants moved to require that the plaintiff elect the cause of action upon which she would proceed, upon the ground that the complaint states the following causes of action, if any:

(a) An action for breach of contract;

(b) An action in contract for the reinstatement of an alleged contract;

(c) An action in tort for fraud and conspiracy.

After consideration the court ruled that the motion should be granted and the plaintiff be required to elect. In compliance, plaintiff's counsel announced as follows: "I will proceed under the theory announced in *Shuler v. Equitable Life Assurance Society,* 184 S. C. 485, 193 S. E. 46, which holds that an action will lie for damages by the beneficiary for the wrongful repudiation of an insurance contract, the cause of action residing in the beneficiary where he has a vested interest under the policy. * * * We will proceed under that which says she has an action for damages for wrongful repudiation of the contract, bearing in mind, Your Honor, that under this policy contract which is not yet in evidence, the insured had the right to change the beneficiary at his will and the beneficiary under the policy had no vested interest in it prior to the death of the insured."

The following colloquy between court and counsel ensued:

"Mr. Means: If Your Honor please, I understand Mr. Johnson says he is suing for damages. Is that in tort?

"The Court: Mr. Johnson, do you proceed on breach of contract or tort?

"Mr. Johnson: Tort, Your Honor.

"The Court: You elect then to choose (c) of the motion, an action in tort, for fraud and conspiracy.

"Mr. Johnson: I think, as I stated yesterday, that actually there are two. What I call No. 2 is an equitable action to revive this contract. He calls it an action on contract to revive the contract, which is a misnomer. It is an action in equity to revive or revitalize this policy. I agree with his statement that those actions have been jumbled and he should have moved earlier to require me to separately state. I think the two actions are consistent. The action in equity, too, which he calls, miscalled number 2. On his motion he says (b), an action in contract for the reinstatement of an alleged contract. There is no such animal as that. I think he meant to say equitable action for reinstatement of alleged contract, but I think it is one in tort and (b). If I have got to elect between those I would like Your Honor to tell me. I think there are two causes of action in there.

"The Court: If you have to elect between (b) and (c)? Yes, sir, I ruled you do have to elect.

"Mr. Johnson: All right. I proceed in (c).

"The Court: Mr. Means, he says he proceeds under the theory of tort.

"Mr. Means: Your Honor, then we will have to argue the motion for demurrer filed in this case."

The demurrer was upon the ground that the complaint does not state a cause of action because it seeks damages for alleged fraud and deceit practiced upon the insured and any right of action therefor was personal to him and did not survive upon his death.

Order was thereafter made overruling the demurrer. The former proceedings were recited and it was said that the plaintiff upon being required to elect, had elected to proceed, quoting from the order, "in tort for damages for the repudiation of the contract." Ex parte Boddie, 200 S. C.

379, 21 S. E. (2d) 4, was cited for the holding that plaintiff's interest in the policy, because the insured had the right to change the beneficiary, became vested, there having been no change, upon the death of the insured and, quoting again, "if there was a fraudulent repudiation of the noncancellable contract by the defendant, the beneficiary could not bring an action thereon, since she had a mere expectancy, until after the death of the insured." *Shuler v. Equitable Life Assur. Soc. of the United States, supra* and *infra,* 184 S. C. 485, 193 S. E. 46, was cited in contrast. After referring with approval to the order of Judge Wyche, the court cited *Dyson v. Commonwealth Ins. Co.,* 176 S. C. 411, 180 S. E. 475, 476, for the observation that the action might well be construed to be for, quoting from the *Dyson case,* "fraudulent breach of a contract, and that a fraudulent breach of contract is a tort." Challenge of the latter is the gist of the first three of defendant's four exceptions but, in view of the turn which the case has taken upon argument in this court, question thereabout is now immaterial in the consideration of the appeal and will not be passed upon.

The case is thus simplified by respondent's position and argument on appeal. The following quotations are from her brief:

"The plaintiff in the present case makes no contention that the contract issued to her husband was in effect at the time of his death. Her contention is that because of the false and fraudulent acts of the defendants in securing the contract from her husband she has been damaged. Under the *Shuler case,* any action she might have brought prior to the death of the insured would have been premature, and while it is true that her husband, during his lifetime, could have brought an action for fraudulent breach of contract, accompanied by a fraudulent act, the action which the plaintiff now brings is not the one that her husband could have brought."        *    *    *

"At that time (when the policy was surrendered by the insured) the plaintiff could not have maintained an action

against them for damages. After, and only after, the death of the insured could the plaintiff definitely assert that she had been damaged by the defendants, acting jointly and severally. If plaintiff had a vested interest in the policy, she could have maintained an action for damages for the wrongful cancellation of the policy during the life-time of the deceased. Having none, she had to wait. There is no question of the surviving of an action. The action never came into existence until the death of the insured."

By the foregoing respondent has abandoned claim in this action for recovery upon any cause which may have accrued to her husband, the insured, under the policy or its cancellation, and survived to his personal representative. This renders appellants' exceptions irrelevant except the fourth which contends that the demurrer to the complaint should have been sustained, and the grounds of it are largely gone. It follows:

"The court erred in overruling defendants' demurrer to the complaint, in that the plaintiff elected to sue for fraud and conspiracy, with the complaint only alleging fraud and conspiracy practiced upon decedent, which cause of action does not survive to the administratrix of decedent's estate, and accordingly the demurrer should have been sustained on the ground that the complaint fails to state facts sufficient to constitute a cause of action."

Liberally construing the exception to raise the only point left in the appeal, it will have to be overruled. The complaint sufficiently alleges the claimed fraud to have been also committed against the right of plaintiff as death beneficiary of the policy. Her interest was then contingent because the insured had the right under the policy to change the beneficiary (which was not exercised) but that does not now prevent her from maintaining this action for damages to her which resulted from the alleged wrongful cancellation of the policy. This was the decision in *Myers v. Industrial Life & Health Ins. Co.,* 170 S. C. 80, 169 S. E. 676. That case was in effect this, with the limita-

tion upon the latter which has been effected by respondent's above stated position on appeal. In the *Myers case* verdict for actual and punitive damages was sustained upon evidence that the defendant insurer had obtained possession of the policy during the lifetime of the insured, in which policy the plaintiff had been the beneficiary, and fraudulently substituted another in which she was not the beneficiary, whereby the insurer denied liability to the plaintiff as beneficiary.

In the later case of *Shuler v. Equitable Life Assur. Soc. of the United States, supra,* 184 S. C. 485, 193 S. E. 46, right of action by the beneficiary (subject to change of designation by the then living insured) was denied upon the conclusion that the action by the beneficiary was premature, from which it may be fairly inferred that it was the view of the court that the action might be maintained after the death of the insured, in harmony with the earlier *Myers case, supra.* The latter is cited in the footnote as one of the supporting authorities for the following in 45 C. J. S., Insurance, § 465, (b), p. 138:

"An action for damages for wrongful cancellation or repudiation of an insurance policy may be maintained by either insured or the beneficiary during the lifetime of insured, but the beneficiary cannot maintain the action during insured's lifetime if he does not have a vested interest in the policy, or if his interest is in the nature of a mere expectancy and does not become absolute and indefeasible until the death of insured. * * * After the death of insured, the action may be maintained by the beneficiary."

Relevant decisions of other courts may be found in the annotations in 48 A. L. R. 107, 109, and 107 A. L. R. 1233, 1235, III. Rights of beneficiary.

Reverting to precedents in our own reports, verdict for actual and punitive damages was affirmed in *Barber v. Industrial Life & Health Ins. Co.,* 189 S. C. 108, 200 S. E. 102. which was an action brought after death of the

insured by the beneficiary of a life insurance policy which had been fraudulently cancelled by the company and a policy of lesser benefit and value attempted to be substituted by it. The right of the plaintiff to maintain the action was not expressly considered because, although included in the exceptions, the point had not been made a ground of motion for nonsuit or directed verdict in the trial court. The decision is not now apposite but the following from the opinion in *Rice v. Palmetto State Life Ins. Co.,* 196 S. C. 410, 13 S. E. (2d) 493, 498, is pertinent: "For the purposes of a change of beneficiary, the rights of the existing beneficiary are inchoate and may be nullified by action on the part of the insured in strict accordance with the terms of the policy. But so long as there is no change of beneficiary, the rights of the beneficiary are tangible and are protected by the law."

Of course, it is elementary that demurrer to a complaint will be overruled if any cause of action is stated.

Affirmed and remanded for trial of plaintiff's personal cause of action.

BAKER, C. J., and TAYLOR, J., Concur.

FISHBURNE and OXNER, JJ., dissent.

OXNER, Justice (dissenting).

It seems to be conceded, as stated in the majority opinion, that the parties to this action are bound by the construction given to the complaint by the District Judge in passing on the motion to remand. He held that the complaint did not state "a separate and independent claim or cause of action against the defendant insurance company"; that "the complaint does not allege a cause of action for damages for breach of the insurance contract because there is no allegation in the complaint that the contract between plaintiff's husband and the insurance company had been breached by the defendant insurance company"; and that the cause of action alleged was "a joint cause of action against all the

defendants for fraud and deceit in which all defendants participated throughout and for which all defendants are equally responsible." *Babb v. Paul Revere Life Insurance Company,* D. C., 102 F. Supp. 247.

The insured could have brought an action for breach of the contract. He could have sued in equity to have the policy declared in force. He could have proceeded in tort for fraud and deceit. He died without making an election. However, the plaintiff, as administratrix of his estate, has elected to bring an action for fraud and deceit. Such a cause of action did not survive. *Cline v. Southern Railway Co.,* 113 S. C. 440, 102 S. E. 641; *Mattison v. Palmetto State Life Insurance Co.,* 197 S. C. 256, 15 S. E. (2d) 117. It is perhaps for this reason, as stated in the majority opinion, that the plaintiff has abandoned any claim "for recovery upon any cause of action which may have accrued to her husband, the insured, under the policy or its cancellation".

My disagreement with the majority of the Court is in holding that the plaintiff individually has a cause of action for fraud and deceit. It seems to be conceded that as beneficiary she had no cause of action during the lifetime of the insured because she then had a mere expectancy. But it is said that after the death of the insured, such right became vested, giving the plaintiff as beneficiary a cause of action. But how could the plaintiff have any rights as beneficiary under a policy no longer in existence? It is stated in respondent's brief that she makes no contention "that the contract issued to her husband was in effect at the time of his death." When the policy ceased to be of force and effect, plaintiff's rights therein ceased. She no longer had an expectancy or any other interest. Any right she may have had was predicated on the existence of the contract.

The result of the conclusion reached by a majority of the Court is that a cause of action which accrued to the insured during his lifetime but which did not survive can now be brought by the plaintiff individually who admittedly had no right in such cause of action at the time it arose.

I think the demurrer should be sustained. *Myers v. Industrial Life & Health Insurance Company,* 170 S. C. 80, 169 S. E. 676, which is so strongly relied upon in the majority opinion, calls for no different conclusion. That action was one for fraudulent breach of a contract, which is regarded under our decisions as an action *ex contractu.* The plaintiff here could have brought a suit for fraudulent breach of the contract, but she has elected not to do so. We have consistently recognized a distinction between an action for fraudulent breach of contract and an action for fraud and deceit. *Broome v. Travelers Insurance Co.,* 183 S. C. 413, 191 S. E. 220. It was there held that in an action for fraudulent breach of contract, there may be a recovery for actual damages although there was no proof of fraud entitling plaintiff to punitive damages.

FISHBURNE, J., concurs.