21638

Vera HORNE, Respondent, v. GULF LIFE INSURANCE COMPANY, Appellant.

Appellant.

(287 S. E. (2d) 144)

*Steven C. Kirven, of Waikins, Vandiver, Kirven, Gable & Gray,* Anderson, *for appellant.*

*Richard S. Vaughan, Jr.,* Anderson, *for respondent.*

February 8, 1982.

HARWELL, Justice:

In 1974 appellant issued three life insurance policies on the life of respondent's ex-husband, Marvin Horne. The insured died on June 13, 1977, and appellant paid the amount of the policy to the insured's sister whom it considered the lawfully designated beneficiary. Subsequently, respondent, claiming she was the lawful beneficiary, brought this action to recover under the policies. The case was tried before a jury. At the conclusion of all testimony, both appellant and respondent moved for a directed verdict. After determining that the facts were undisputed and the issue solely one of law, the trial judge withdrew the case from the jury. Finding that the respondent was the lawful beneficiary, the trial judge awarded her judgment for $12,000 with interest and attorney's fees. We disagree and reverse.

In August and September of 1974, appellant issued two $1,000 policies, and a $5,000 policy with a double indemnity clause on the life of Marvin Horne. The policies were issued in the presence of appellant's agent, the insured and respondent. Respondent was the named beneficiary even though the insured and respondent were divorced. However, the policy reserved to the insured the right to change the beneficiary. Appellant's agent collected the premiums on a weekly basis directly from the respondent until April 1977. At all times respondent retained possession of the policies. On April 5, 1977, Marvin Horne executed a written request to change the beneficiary to his sister with whom he was living. The policy

terms required that the policy itself be endorsed to show the change. Because the insured did not have the policies, he requested duplicate policies:

> I/We certify that a diligent search has been made for this policy, that it is lost or destroyed and I/We further certify that there has been no assignment, sale or other disposition of the policy which has not been recorded by Gulf Life Insurance Company.

A new policy was issued with the requested change of beneficiary. The appellant's agent informed respondent that he no longer needed to collect the premiums from her, that the insured had designated a new beneficiary, and that he would thereafter collect the premiums directly from the insured. Subsequently, the insured or the new beneficiary paid the premiums. Respondent admitted that she did not pay any premiums after the change of beneficiary. Two months after the change of beneficiary, the insured died by drowning, thereby entitling the beneficiary to the proceeds under the three policies, including the proceeds under the double indemnity clause. After the insured's death, his sister, the new beneficiary, requested the $12,000 proceeds from appellant. Appellant paid her the claim. Consequently, respondent commenced this action.

Where the insured has reserved the right in his policy to change the beneficiary, the named beneficiary does not have a vested right during the insured's lifetime. Instead, the named beneficiary has a mere expectancy; the complete control of the policy remains in the insured. *Davis v. Southern Life Insurance Company*, 249 S. C. 194, 153 S. E. (2d) 399 (1967); *Swygert v. Durham Life Ins. Co.*, 229 S. C. 199, 92 S. E. (2d) 478 (1956); *Davis v. Acacia Mutual Life Ins. Co., infra.* In *Rice v. Palmetto State Life Ins. Co.*, 196 S. C. 410, 13 S. E. (2d) 493 (1941), a mother took out a policy on the life of her daughter, the insured, and named herself the beneficiary. The mother/beneficiary paid all the premiums. Although a change of beneficiary was not involved in the case, we stated that had the insured "undertaken to change the beneficiary, the court would be bound by the holding in

such cases as *Davis v. Acacia Mutual Life Insurance Co.,* 177 S. C. 321, 181 S. E. 12, if any complaint were made by the mother." 13 S. E. (2d) at 498. Therefore, even though respondent paid most of the premiums, the court is still bound by our previous rulings which state that the beneficiary has no vested right when the insured has reserved the right to change beneficiaries. "The mere voluntary payment of premiums by the person designated as beneficiary will not create a vested interest in such person." 46 C. J. S. Insurance § 1173(b) (2) (1946).

Although the insured may have reserved the right to change the beneficiary, the general rule is that unless waived, an insured in making a change of beneficiary must substantially comply with the method prescribed in the policy. *Swygert v. Durham Life Insurance Co., supra; Wilkie v. Philadelphia Life Ins. Co.,* 187 S. C. 382, 197 S. E. 375 (1938). In the present case, the policy required that the company consent to a change of beneficiaries by an endorsement on the policies. But the policy also provided that the insured could obtain duplicate copies if he certified that the original policies were lost, stolen, or destroyed. Representing that his original policies were lost, the insured requested duplicate policies. The insured also requested the beneficiary be changed from respondent to his sister; the change of beneficiary was endorsed on the duplicate policies. When a duplicate policy is issued with a change of beneficiary, the insurance company waives the right to require the production of the original policy, and the first named beneficiary cannot complain of the insured's failure to surrender same. *Swygert v. Durham Life Ins. Co., supra.* And even though the company was induced to issue a new policy by the insured's false representation that the original had been lost or misplaced, the original beneficiary cannot complain. *Swygert v. Durham Life Ins. Co., supra.* Appellant's agent testified that he did not know that respondent had the original policies; he issued the duplicate copies based on the insured's representations.

In *Dryman v. Liberty Life Ins. Co.,* 216 S. C. 177, 57 S. E. (2d) 163 (1950), the original named beneficiary retained the policy. Relying upon the insured's representation that the

policy was lost, the company issued a duplicate policy with a change of beneficiary as requested by the insured. There was conflicting testimony at trial as to whether the whereabouts of the original beneficiary and the original policy could have been ascertained. Nevertheless, we held that the change of beneficiary was effected in substantial compliance with the provisions of the policy governing the change of beneficiary.

> We believe that the insured substantially complied with the manner of changing beneficiary as required by the policy.

Therefore, the judgment is reversed and the case remanded for entry of judgment in favor of appellant.

LITTLEJOHN and GREGORY, JJ., concur.

LEWIS, C. J., and NESS, J., dissent.

LEWIS, Chief Justice (dissenting):

In my opinion, there were material disputed issues of fact which the trial judge should have submitted to the jury for determination and I, therefore, dissent.

Whether the appellant Company complied with the policy provisions as to change of beneficiary was an important issue in the trial of this case. There was testimony that appellant's agent attempted to sell these policies to the insured. The insured declined to purchase the insurance, but told appellant's agent to let respondent, the insured's ex-wife, take the policies. These policies were then issued on the insured's life naming respondent, his ex-wife, as the beneficiary. Thereafter, this agent delivered the policies to respondent and collected the premiums from her for approximately three (3) years and until a few weeks before the insured's death. This same agent, knowing that the insured had consented for respondent to take out the insurance, that he had delivered the policies to respondent, and had collected premiums from her for approximately three (3) years, accepted an application from the insured for change of beneficiary, upon the insured's statement that the policies were lost and that duplicate policies be issued.

It is inferable that, when the application for change of beneficiary was made, the agent of appellant knew the whereabouts of the original policies and was certainly aware of the circumstances surrounding the issuance of the policies and the interest of respondent therein.

The foregoing circumstances, if found to be true by a jury, would support a finding that respondent had a legal interest in the policies of which she could not be deprived except in the manner prescribed in the policy.

The knowledge of the agent in this case is imputed to appellant the insurer. Respondent was entiled to rely upon the protection afforded by the terms of the policy, that the beneficiary could not be changed except upon endorsement upon the original which, it is inferable, the agent knew was in her possession. It is at least inferable, if not undisputed, that at all times the insured and appellant knew the whereabouts of the policies in question and of the legal interest of respondent in them.

However, appellant contends, upon the basis of the testimony of its agent, that respondent consented to the change of beneficiary. This is disputed, raising still another factual issue which this Court has no right to foreclose as a matter of law.

I would reverse the judgment of the lower court and remand the case for a new trial.

NESS, J., concurs.