700 S.E.2d 280

**Donald M. PRINCE, Appellant,**

v.

**LIBERTY LIFE INSURANCE COMPANY, Respondent.**

**No. 4741.**

Court of Appeals of South Carolina.

Heard March 2, 2010.
Decided Sept. 22, 2010.

John Eagle Miles, of Sumter and John S. Nichols, of Columbia, for Appellant.

Kevin Kendrick Bell, of Columbia, for Respondent.

KONDUROS, J.

In this dispute over the termination of a life insurance policy, Donald M. Prince, the beneficiary and owner of the policy, appeals the trial court's grant of summary judgment to Liberty Life Insurance Company, finding the statute of limitations barred the action. Prince argues his cause of action as beneficiary could not have accrued until the insured died and the fact that he is also the owner of the policy does not change that. We affirm.

## FACTS

In 1986, Prince obtained an insurance policy in the amount of $100,000 on the life of his brother from Argus Life Insurance Company. The following year, Prince took out a second policy in the amount of $800,000 on the life of his brother from Argus. Prince was the owner and beneficiary under both

policies. Liberty subsequently assumed the billing, collection, and claims payment responsibilities for both policies.

In June 1997, Prince mailed Liberty checks to pay the premiums for each policy.[1] On July 1, 1997, Liberty sent Prince a letter returning both checks and stating both policies lapsed in 1996; the $100,000 policy had lapsed because it lost all value once it was overloaned, and the $800,000 policy lapsed for nonpayment of premiums. After a series of correspondence between Liberty and Prince, Liberty brought a declaratory judgment action in 1999 against Prince and a creditor/assignee of the $800,000 policy pertaining only to that policy. Prince counterclaimed for reinstatement of the policy, asserting Liberty had failed to properly notify him the policy was about to lapse. Prince ultimately prevailed, and Liberty reinstated his policy after he paid the back premiums.

On February 3, 2003, Prince requested Liberty reinstate the $100,000 policy as well. Liberty refused to reinstate the policy, informing Prince the statute of limitations had expired on any claim regarding the policy. On August 6, 2003, Prince's brother died. On December 7, 2005, Prince brought a cause of action against Liberty contending it wrongfully terminated the $100,000 policy and seeking reinstatement of the policy upon payment of back premiums. Liberty answered contending the statute of limitations had run, barring the claim.

On February 21, 2009, Liberty moved for summary judgment asserting the statute of limitations barred the action. Liberty also maintained the claim was a compulsory counterclaim in the action regarding the $800,000 policy and Prince's failure to raise the claim during that cause of action waived the claim. Prince opposed summary judgment arguing his cause of action as beneficiary did not exist until his brother died in 2003, and thus, the statute of limitations did not bar his cause of action filed in 2005.

Following a hearing on the motion, the trial court granted Liberty summary judgment solely on the ground the statute of limitations had lapsed. The court found Prince's cause of action accrued no later than July 1997. The trial court found

---

1. Because Prince was in prison, his sister obtained his power of attorney and sent the payments on his behalf.

because Prince's claim as owner of the policy was barred once the statute of limitations expired in 2000, when the insured died in 2003, Prince had no benefits to convey to himself as beneficiary. This appeal followed.

## STANDARD OF REVIEW

The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder. *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party. *Sauner v. Pub. Serv. Auth. of S.C.,* 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).

## LAW/ANALYSIS

■ Prince contends the trial court erred finding the action was barred by the statute of limitations and his right as beneficiary to challenge the cancellation of the policy was no better than the right he had as owner to challenge the cancellation. He maintains this was error because his claim as beneficiary did not accrue until his brother's death and he brought this claim within three years of that. We disagree.

■ An action for breach of contract must be commenced within three years. S.C.Code Ann. § 15-3-530(1) (2005). Under "the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered." *Dean v. Ruscon Corp.,* 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996). The discovery rule applies to breach of contract actions. *Santee Portland Cement Co. v. Daniel Int'l Corp.,* 299 S.C. 269, 273, 384 S.E.2d 693, 695 (1989), *overruled on other grounds by Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.,* 319 S.C. 556, 462 S.E.2d 858 (1995).

■ When an insured reserves the right in his policy to change the beneficiary, the named beneficiary does not have a vested right during the insured's lifetime. *Horne v. Gulf Life Ins. Co.*, 277 S.C. 336, 338, 287 S.E.2d 144, 146 (1982). "Instead, the named beneficiary has a mere expectancy; the complete control of the policy remains in the insured." *Id.* In *Shuler v. Equitable Life Assurance Society of the United States*, 184 S.C. 485, 491, 193 S.E. 46, 48 (1937), the supreme court found the beneficiary's bringing of an action while the insured was still alive was premature because the beneficiary could still be changed.

■ However, "[w]hen an insurance policy does not reserve to the insured the right to change the beneficiary, 'the beneficiary, upon the issuance of the policy, acquires a vested interest in the proceeds of the insurance when available according to the terms of the policy, which cannot be divested by any act of the insured.'" *Waters v. S. Farm Bureau Life Ins. Co.*, 365 S.C. 519, 523, 617 S.E.2d 385, 387 (Ct.App.2005) (quoting *Antley v. N.Y. Life Ins. Co.*, 139 S.C. 23, 27, 137 S.E. 199, 200 (1927)). South Carolina case law allows "an action for wrongful cancellation to be brought during the lifetime of the insured by either the insured or beneficiary if the beneficiary's interest is an absolute and indefeasible vested interest." *McCall v. State Farm Mut. Auto. Ins. Co.*, 359 S.C. 372, 382, 597 S.E.2d 181, 186 (Ct.App.2004).

In *Babb v. Paul Revere Life Insurance Co.*, 224 S.C. 1, 8, 77 S.E.2d 267, 270 (1953), the South Carolina Supreme Court found a beneficiary's interest was contingent during the insured's life because the insured had the right under the policy to change the beneficiary, even though the option was not exercised. However, the supreme court further found that did not prevent the beneficiary from maintaining an action that resulted from the alleged wrongful cancellation of the policy after the insured had died. *Id.* The *Babb* court noted:

An action for damages for wrongful cancellation or repudiation of an insurance policy may be maintained by either insured or the beneficiary during the lifetime of insured, but the beneficiary cannot maintain the action during insured's lifetime if he does not have a vested interest in the policy, or if his interest is in the nature of a mere expectancy and does

not become absolute and indefeasible until the death of insured. . . . After the death of insured, the action may be maintained by the beneficiary.

*Id.* at 9, 77 S.E.2d at 271 (quoting 45 C.J.S. *Insurance* § 465(b)).

In *Rice v. Palmetto State Life Insurance Co.*, 196 S.C. 410, 412, 13 S.E.2d 493, 494, (1941), a mother obtained a policy on the life of her daughter, named herself the beneficiary, and paid all the premiums. The supreme court stated had the insured "undertaken to change the beneficiary, the court would be bound by [its previous holdings that the beneficiary has no vested right when the insured has reserved the right to change beneficiaries] if any complaint were made by the mother." *Id.* at 421, 13 S.E.2d at 498. The court determined:

[T]he rights of the existing beneficiary are inchoate and may be nullified by action on the part of the insured in strict accordance with the terms of the policy. But so long as there is no change of beneficiary, the rights of the beneficiary are tangible and are protected by the law.

*Id.* at 422, 13 S.E.2d at 498. In *Horne,* the supreme court found even though a beneficiary paid most of the premiums, the court was bound by previous rulings that stated that the beneficiary has no vested right when the *insured* has reserved the right to change beneficiaries. 277 S.C. at 339, 287 S.E.2d at 146.

Prince relies on *Babb,* which found a beneficiary's interest vests once an insured dies, and the beneficiary can then pursue action, even if the policy is no longer in existence. However, in that case only the insured had the right to change the beneficiary. Here, because *only* Prince had the right to change the beneficiary, he had a vested interest in the insurance policy as a beneficiary while his brother was still alive. The statute of limitations applies to beneficiaries and begins to run once both the cause of action accrues and the interest is vested. Therefore, when Prince filed the action in 2005, the statute of limitations barred the claim. Accordingly, the trial court's order granting Liberty Life summary judgment is

**AFFIRMED.**

HUFF and THOMAS, JJ., concur.