**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Danny Abrams and Frances Abrams, Appellants,

v.

City of Newberry, Respondent.

Appellate Case No. 2013-000022

———————

Appeal From Newberry County
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-259
Heard February 5, 2015 – Filed May 20, 2015

———————

**AFFIRMED AS MODIFIED**

———————

Christian Stegmaier, Claude Townsend Prevost, III, both of Columbia, and Amy Lynn Neuschafer, of Murrells Inlet, all of Collins & Lacy, P.C., for Appellants.

David Leon Morrison and Kassi B. Sandifer, of Morrison Law Firm, LLC, of Columbia, for Respondent.

———————

**WILLIAMS, J.:** Danny and Frances Abrams (Appellants) appeal the circuit court's order granting summary judgment in favor of the City of Newberry (the City), arguing the circuit court erred in finding the City (1) did not owe a duty to

inspect or otherwise maintain the sewer system in any particular fashion and (2) was not immunized from liability pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 through -200 (Supp. 2014). We affirm as modified.

First, we hold the circuit court erred in finding the City did not owe a duty to inspect or otherwise maintain the sewer system in any particular fashion pursuant to *Hawkins v. City of Greenville*, 358 S.C. 280, 294, 594 S.E.2d 557, 564 (Ct. App. 2004). In *Hawkins*, this court held the plaintiff's negligence claim was barred under the Tort Claims Act and did not rule on whether a municipality has a duty to inspect or otherwise maintain a sewer system. *Id.* at 292-94, 594 S.E.2d at 563-64. Therefore, the circuit court erred in finding the holding in *Hawkins* implied a municipality does not have a duty to inspect.[1] Accordingly, we vacate the portion of the circuit court's order in which it found the City has no duty to inspect or otherwise maintain the sewer system pursuant to this court's holding in *Hawkins*.

Next, we find the issue of whether the circuit court erred in finding the City was immune from liability pursuant to the Tort Claims Act is not preserved for appellate review because the circuit court did not rule upon this issue. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review." (citation omitted)).

Finally, we affirm the circuit court's grant of summary judgment because Appellants failed to provide any evidence that a negligent act or omission attributable to the City was the proximate cause of their injury. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 56(c), SCRCP (noting summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 282 (Ct. App. 2010) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."

---

[1] Nothing in this opinion, however, should be construed as finding a municipality has a duty to inspect the sewer system.

(citation omitted)); *Hubbard v. Taylor*, 339 S.C. 582, 589, 529 S.E.2d 549, 552 (Ct. App. 2000) ("Negligence is not actionable unless it is the proximate cause of the plaintiff's injury." (citation omitted)); *Gause v. Smithers*, 403 S.C. 140, 164, 742 S.E.2d 644, 657 (2013) ("Proximate cause requires proof of: (1) causation-in-fact and (2) legal cause." (citation omitted)); *Cody P. v. Bank of Am., N.A.*, 395 S.C. 611, 620, 720 S.E.2d 473, 478 (Ct. App. 2011) ("The cause-in-fact requirement is proved by showing the injury would not have occurred but for the defendant's negligence. The legal cause requirement is proved by establishing the plaintiff's injury was foreseeable." (citations omitted)); *McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 387, 684 S.E.2d 566, 569 (Ct. App. 2009) ("The court looks to the natural and probable consequences of the complained of act to determine foreseeability." (citing *Vinson v. Hartley*, 324 S.C. 389, 400, 477 S.E.2d 715, 721 (Ct. App. 1996))); *Thomas Sand Co. v. Colonial Pipeline Co.*, 349 S.C. 402, 409, 563 S.E.2d 109, 113 (Ct. App. 2002) ("Ordinarily, the question of proximate cause is one of fact for the jury and the [circuit court]'s sole function regarding the issue is to inquire whether particular conclusions are the only reasonable inferences that can be drawn from the evidence." (internal quotation marks and citation omitted)); *id.* ("Only when the evidence is susceptible to only one inference does it become a matter of law for the court." (quoting *Oliver v. S.C. Dep't of Highways & Pub. Transp.*, 309 S.C. 313, 317, 422 S.E.2d 128, 131 (1992))); *Singleton v. Sherer*, 377 S.C. 185, 203-04, 659 S.E.2d 196, 205-06 (Ct. App. 2008) (holding summary judgment is appropriate on a negligence claim when there was no genuine issue of material fact as to the proximate cause of the plaintiff's injuries).

**AFFIRMED AS MODIFIED.**

**HUFF, J., concurs.**

**FEW, C.J., concurring:** I agree with the majority's decision to affirm for two reasons. First, the circuit court correctly concluded the City of Newberry owed no duty to the Abramses to protect against the harm they suffered. Second, even if there were a duty, the majority correctly points out, "Appellants failed to provide any evidence that a negligent act or omission attributable to the City was the proximate cause of their injury."