**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Doe 2 and Jane Doe 4, John Doe 10, Jane Doe 11, John Doe 193, Father Doe 194, John Doe 194, John Doe 245 and Father Doe 245, and John Doe 297, Appellants,

v.

The Bishop of Charleston, A Corporation Sole; Robert Gugliemone, The Bishop of Charleston, in his official Capacity; Rev. Monsignor Martin Laughlin, former Administrator of the Diocese of Charleston, in his official Capacity; Robert J. Baker, former Bishop of Charleston, in his official capacity; Lawrence E. Richter, Jr.; David K. Haller; and Richter and Haller, LLC, Respondents.

Appellate Case No. 2017-001996

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-060
Heard September 15, 2020 – Filed March 3, 2021

———————

**AFFIRMED**

———————

Gregg E. Meyers, of Mt. Pleasant, for Appellants.

Richard S. Dukes, Jr., of Turner Padget Graham & Laney, PA, of Charleston, for Respondents The Bishop

of Charleston, a Corporation Sole, Robert Gugliemone,
The Bishop of Charleston, in his official capacity, Rev.
Monsignor Martin Laughlin, former Administrator of the
Diocese of Charleston, in his official Capacity, and
Robert J. Baker, former Bishop of Charleston, in his
official capacity.

Benjamin C. Bruner and Chelsea Jaqueline Clark, both of
Bruner Powell Wall & Mullins, LLC, of Columbia, for
Respondents Lawrence E. Richter, Jr., and Richter and
Haller, LLC.

Susan Taylor Wall and Henry Wilkins Frampton, IV,
both of Gordon & Rees LLP, of Charleston, for
Respondent David K. Haller.

---

**PER CURIAM:**  In this civil matter, Appellants (Victims) argue the circuit court erred in granting summary judgment to Respondents the Bishop of Charleston, a corporation sole, Robert Gugliemone, the Bishop of Charleston, in his official capacity, Reverend Monsignor Martin Laughlin, former administrator of the Diocese of Charleston, in his official capacity, and Robert J. Baker, former Bishop of Charleston, in his official capacity (collectively, the Diocese) and to Respondents Lawrence E. Richter, Jr., David K. Haller, and Richter and Haller, LLC (collectively, Counsel).  We affirm.

1. We find the circuit court did not err in granting summary judgment to Counsel on Victims' claims for professional negligence and breach of fiduciary duty.  *See Loflin v. BMP Dev., LP*, 427 S.C. 580, 588, 832 S.E.2d 294, 298 (Ct. App. 2019) (providing that this court reviews a grant of summary judgment under the same standard applied by the circuit court under Rule 56(c), SCRCP), *aff'd as modified on other grounds* 432 S.C. 246, 246, 851 S.E.2d 713, 714 (2020); Rule 56(c) (stating that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").  Victims' complaints clearly express in multiple places that their claims against Counsel are alternative claims in the event they are precluded from bringing claims against the Diocese.  As established by the circuit court's collateral review order, Victims are not precluded by the settlement from bringing claims against the Diocese.  Therefore, Victims are bound by their

pleadings, and their claims against Counsel must fail as a matter of law. *See Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statements, or admissions contained in a pleading are *conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings . . . .*" (emphasis added)); *Gary v. Lowcountry Med. Transp., Inc.*, 424 S.C. 18, 23, 817 S.E.2d 291, 294 (Ct. App. 2018) ("[T]he doctrine of binding a party to its pleadings exists to protect the integrity of the court process."); *see also Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 281 (Ct. App. 2010) ("The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder."). Moreover, we find summary judgment was proper because Victims failed to establish damages proximately caused by Counsel's alleged breach of fiduciary duty and legal malpractice. *See Gauld v. O'Shaugnessy Realty Co.*, 380 S.C. 548, 559, 671 S.E.2d 79, 85 (Ct. App. 2008) ("The plain language of Rule 56(c), SCRCP, mandates the entry of summary judgment, after adequate time for discovery against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." (quoting *Boone v. Sunbelt Newspapers, Inc.*, 347 S.C. 571, 579, 556 S.E.2d 732, 736 (Ct. App. 2001))); *see also RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 335–36, 732 S.E.2d 166, 173 (2012) ("To establish a claim for breach of fiduciary duty, the plaintiff must prove (1) the existence of a fiduciary duty, (2) a breach of that duty owed to the plaintiff by the defendant, and (3) damages proximately resulting from the wrongful conduct of the defendant."); *id.* at 331, 732 S.E.2d at 170 ("A plaintiff in a legal malpractice action must establish four elements: (1) the existence of an attorney-client relationship, (2) a breach of duty by the attorney, (3) damage to the client, and (4) proximate causation of the client's damages by the breach.").

2. Victims' claim for aiding and abetting a breach of fiduciary duty is predicated on their claim against Counsel. Because we find the circuit court did not err in granting summary judgment to Counsel on Victims' breach of fiduciary duty claim, we decline to address whether the circuit court erred in granting summary judgment to the Diocese. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**HUFF, WILLIAMS, and GEATHERS, JJ., concur.**