**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

MECO, Inc. of Augusta, Appellant,

v.

Alex Sayed a/k/a Arshad M. Sayed a/k/a Arshed Sayed;
NEPA Ventures, LLC; and NEPA Trading &
Investments, LLC, Respondents.

Appellate Case No. 2023-001752

———

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-196
Submitted March 2, 2026 – Filed April 29, 2026

———

**AFFIRMED IN PART AND REVERSED AND
REMANDED IN PART**

———

Kyle Brandon Waddell and Scott W. Kelly, both of
Fulcher Hagler, LLP, of Augusta, Georgia, for Appellant.

Zachary Aaron Turner and Adam Crittenden Bach, both
of Tonnsen Bach LLC, of Greenville, for Respondents.

———

**PER CURIAM:**  MECO, Inc. of Augusta (MECO) appeals the circuit court's
order granting summary judgment to Alex Sayed in a contract dispute.  On appeal,

MECO argues the circuit court erred in granting summary judgment because (1) its complaint was timely as its causes of action accrued less than three years before filing, (2) the statute of limitations period was equitably tolled due to Respondents' absence from South Carolina, and (3) the Uniform Commercial Code's (UCC's) six-year statute of limitations applied due to the contract predominantly concerning goods.  We affirm in part and reverse and remand in part pursuant to Rule 220(b), SCACR.

1.  First, we hold the trial court erred in granting summary judgment because there is a genuine issue of material fact regarding when MECO's cause of action accrued.  *See Simmons v. Berkeley Elec. Coop., Inc.*, 419 S.C. 223, 228, 797 S.E.2d 387, 390 (2016) ("When reviewing the grant of a summary judgment motion, [the appellate] court applies the same standard that governs the trial court under Rule 56(c)[ of the South Carolina Rules of Civil Procedure], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); Rule 56(c), SCRCP (stating summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact"); *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations.").  The evidence in the record demonstrates there is a genuine issue of material fact as to when the contract was breached or when MECO could have reasonably discovered the breach and the cause of action accrued—the breach or discovery may have occurred after Respondents failed to pay all outstanding invoices by MECO's demand date, thirty days after MECO issued two invoices for additional work it performed, or upon completion of the project.  The contract required Respondents to pay each invoice "within thirty (30) days of invoice date or completion of the Project."  Respondents did not pay the invoices within thirty days of the invoice dates.  MECO testified it had not received a payment since February 2019.  As a result, MECO demanded Respondents pay all outstanding invoices by August 8, 2019, and warned that legal action would follow if Respondents failed to pay on this date.  MECO testified multiple invoices were "months and months" past due as of August 7, 2019.  On August 7, 2019, Respondents sent an email to MECO stating that to date, the project was "incomplete."  MECO performed additional work and issued two invoices on September 26, 2019, after Respondents failed to pay all outstanding invoices on August 8, 2019, and Respondents claimed the project was incomplete.  Therefore, viewing the evidence in the light most favorable to MECO, we hold a genuine issue of material fact exists as to when MECO's cause of action accrued.

*See* S.C. Code Ann. § 15-3-530(1) (2005) (mandating a three-year statute of limitations in "an action upon a contract, obligation or liability"); *Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 282 (Ct. App. 2010) ("The discovery rule applies to breach of contract actions."); *Kagan v. Simchon*, 429 S.C. 516, 527-28, 839 S.E.2d 106, 112 (Ct. App. 2020) ("Pursuant to the discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence." (quoting *Maher v. Tietex Corp.*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct. App. 1998))); *Maher*, 331 S.C. at 377, 500 S.E.2d at 207 ("A cause of action should have been discovered through exercise of reasonable diligence when the facts and circumstances would have put a person of common knowledge and experience on notice that some right had been invaded or a claim against another party might exist."). Accordingly, We reverse and remand and remit for a trial on the matter of when MECO's cause of action accrued.

2. Second, we hold the trial court did not err by finding that the statute of limitations should not be equitably tolled because although Respondents failed to acquire a certificate of authority and maintain an office and agent for service of process as required by statute, MECO did not attempt to serve the Secretary of State, and it failed to establish sufficient facts to justify tolling. *See* S.C. Code Ann. § 33-44-108(a)(1)-(2) (2006) (stating "a foreign limited liability company authorized to do business in this [s]tate shall designate and continuously maintain in this [s]tate . . . an office . . . and . . . an agent and street address of the agent for service of process on the company"); S.C. Code Ann. § 33-44-111(b) (2006) (stating that if "a foreign limited liability company fails to appoint or maintain an agent for service of process in this [s]tate or the agent for service of process cannot with reasonable diligence be found at the agent's address," then process may be served on the Secretary of State); S.C. Code Ann. § 33-44-1008(d) (2006) ("If a foreign limited liability company transacts business in this [s]tate without a certificate of authority, it appoints the Secretary of State as its agent for service of process for claims for relief arising out of the transaction of business in this [s]tate."); *Meyer v. Paschal*, 330 S.C. 175, 183, 498 S.E.2d 635, 639 (1998) ("The purpose of the tolling statute is to prevent a cause of action arising in this State from becoming unenforceable by virtue of the running of the statute of limitations in cases where personal jurisdiction over a defendant cannot be obtained because the defendant is not within the State."); *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 116, 687 S.E.2d 29, 32 (2009) ("[E]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." (quoting *Ocana v. Am. Furniture*

*Co.*, 91 P.3d 58, 66 (N.M. 2004))); *id.* at 115-17, 687 S.E.2d at 32-33 (explaining equitable tolling should be "used sparingly and only when the interests of justice compel its use," and the party advocating for its application "bears the burden of establishing sufficient facts to justify its use").

3.  Third, we hold the trial court did not err in finding the UCC's six-year statute of limitations did not apply because the contract was one for services.  *See Plantation Shutter Co. v. Ezell*, 328 S.C. 475, 478, 492 S.E.2d 404, 406 (Ct. App. 1997) ("In considering whether a transaction that provides for both goods and services is a contract for the sale of goods governed by the UCC, courts generally employ the predominant factor test."); *id.* ("Under this test, if the predominant factor of the transaction is the rendition of a service with goods incidentally involved, the UCC is not applicable."); *id.* at 479, 492 S.E.2d at 406 (examining the language of the contract as a whole to determine whether the UCC applied).

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.